Arthur J. CLEMENS, Jr.,
Plaintiff/Appellant,

v.

EBERENZ CONSTRUCTION
COMPANY, INC.,
Defendant,

and

Riverfront Times, LLC.,
Defendant/Respondent.

No. ED 89893.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 27, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 21, 2008.

Arthur J. Clemens, Jr., Saint Louis, MO, for plaintiff/appellant acting pro se.

L. William Higley, St. Peters, MO, for defendant.

Mark S. Sableman, St. Louis, MO, for defendant/respondent.

Before MARY K. HOFF, P.J., SHERRI B. SULLIVAN, J., and GEORGE W. DRAPER III, J.

PER CURIAM.

*Introduction*

Arthur J. Clemens, Jr. (Appellant) appeals from the trial court's dismissal with

prejudice of his tort action against Riverfront Times, LLC (RFT).[1] In its brief, RFT moves for dismissal of this appeal because Appellant's brief fails to comply with the requirements of Rule 84.04.[2] Appellant's opening brief fails to comply with Rule 84.04 so substantially that we cannot review this appeal. The appeal is dismissed.

### Points on Appeal

■ Appellant purports to raise several issues on appeal, but his points, consisting mainly of abstract statements of error, fail to comply with the requirement of Rule 84.04(d).[3] Each point fails to state concisely the legal reasons for the claim of reversible error and to explain in summary fashion why, in the context of this case, those legal reasons support the claim of error, as required by Rule 84.04(d)(1). The Appellant's points, as set out in his brief, read as follows:

I. The trial court erred by not disqualifying Thompson & Coburn from this case.

II. The trial court erred by not disqualifying itself without cause, and Chief Judge Whittington also erred by not disqualifying the trial court judge without cause.

III. Chief Judge Whittington erred by not disqualifying the trial court judge with cause.

IV. The trial court erred by dismissing the sixth, seventh, and eighth causes of action with prejudice.

V. The trial court erred by dismissing the ninth cause of action with prejudice.

VI. The trial court erred by dismissing the tenth cause of action with prejudice.

VII. The trial court erred by dismissing the eleventh cause of action with prejudice.

VIII. The trial court erred by denying the Appellant's Motion for Partial Summary Judgment and Motion for Autopsy.

IX. The rules, forms and procedures of St. Louis County Court infringe on the constitutional rights of ordinary citizens.

■ The error contemplated by Rule 84.04(d) in a court-tried case should address the trial court's actions or rulings on which the adverse judgment is based. *In re the Marriage of Fritz*, 243 S.W.3d 484, 486 (Mo.App. E.D.2007). None of Appellant's points are supported with legal reasons or explanations as to why those legal reasons support a claim of reversible error as required by Rule 84.04(d)(1)(B) and (C). Appellant's points constitute mere abstract statements of error, which, standing alone, do not comply with Rule 84.04, and are written in a fashion that requires us to resort to the record or argument portion of his and RFT's briefs to attempt to discern their meaning. Rule 84.04(d)(4). Accordingly, the insufficiency of his points preserves nothing for our review, and warrants dismissal of Appellant's appeal. *Id.*

■ Additionally, the arguments under each point fail to comply with Rule 84.04(e), in that they fail to include a concise statement of the applicable standard of review for each claim of error and to analyze the error in the context of that review standard. Moreover, each argu-

---

**1.** Although Eberenz Construction Co. was a named defendant below, it is not a party to this appeal.

**2.** All rule citations are to the Mo. R. Civ. P. 2007.

**3.** We also note that the legal file and supplemental legal file provided by Appellant are not certified by the clerk of the trial court to consist of true copies of portions of the trial record, proceedings, and evidence previously reduced to writing and filed in the trial court, as required by Rule 81.15(a).

ment is analytically deficit, lacking any explanation as to how principles of law interact with the facts of the case. *Fritz,* 243 S.W.3d. at 487. For example, the entire argument under Appellant's ninth point merely states:

It appears to the Appellant that there are forms, rules, and procedures used by the St. Louis County Court that work an extreme hardship on persons representing themselves, and pursing their rights under the Seventh amendment to the Consitution, [sic] and Article I, Section 8 of the Missouri Constitution. These include, but are not limited to:

(1) Pauper forms are unduly burdensome compared to federal and St. Louis City forms, and decisions to grant or deny pauper motions are based on factors irrelevant to a person's poverty.

(2) The Sheriff's Office does not provide affidavits regarding the service of summons.

(3) Trials are scheduled in a manner that interferes with the ability of an ordinary citizen to prepare his case, subpoena witnesses, and attend a trial.

Points are considered abandoned where contentions are supported by argument consisting of mere conclusions. *Id.* Appellant's arguments under his other points, in the same fashion demonstrated by the text quoted from his ninth point's argument section, contain only bare conclusions or assertions that lack any rationale supporting them. The argument under Appellant's sixth point, which contends the trial court erred by dismissing his "tenth cause of action with prejudice," fails even to set out what that cause of action was, and, instead, merely argues that the trial court's dismissal should have been without prejudice because "there was no factual hearing in regard to this cause of action." Further, Appellant has failed to cite legal authority to support his points, which preserves nothing for our review. *Id.*

Rule 84.04(i) requires all statements of fact to have specific page references to the legal file or transcript. Appellant's Statement of Facts not only fails to contain the required pages references, it also lacks entirely a fair and concise statement of the relevant facts; conversely, Appellant's "Statement of Facts" consists almost entirely of argument and fails to inform this Court of the procedural facts or history of this case. *See* Rule 84.04(c).

"[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]" Rule 84.13(a). Because of his substantial failure to comply with Rule 84.04, Appellant's brief is inadequate to invoke this Court's jurisdiction and preserves nothing for our review. To determine whether Appellant is entitled to relief would require us to decipher his points, issues and arguments, placing this Court in the untenable position of acting as his advocate. *Fritz,* 243 S.W.3d at 489.

■ *Pro se* appellants are held to the same standards as are attorneys. *Kuenz v. Walker,* 244 S.W.3d 191, 193 (Mo.App. E.D.2007). "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.* Appellant's failure to comply with Rule 84.04 and 84.13(a) leads this Court to dismiss his appeal.

*Conclusion*

The appeal is dismissed.