**Earl Robert SCHULTZ, III, Appellant,**

v.

**WARREN COUNTY, et al., Respondents.**

**No. ED 92683.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 20, 2009.

Robert Schultz and Mary B. Schultz, Chesterfield, MO, for Appellant.

Jay L. Levitch, Saint Louis, MO, for Respondent Warren County.

W. Dudley McCarter and Joseph C. Blanner, Clayton, MO, for Respondent Lafarge.

Prior reports: 2008 WL 6623861; 2009 WL 2350331.

### OPINION

GLENN A. NORTON, Presiding Judge.

Earl Robert Schultz, III, appeals the judgments dismissing his five-count petition against Warren County and Lafarge North America, Inc., which challenged the County's decision to grant Lafarge a conditional use permit. Lafarge filed a motion to dismiss Schultz's appeal, which this Court took with the case. We agree with

Lafarge that Schultz's brief fails to comply with Rule 84.04[1] and therefore we dismiss the appeal.

## I. DISCUSSION

Schultz's first point on appeal[2] asserts that:

> The circuit court erred in dismissing Count I, for a writ of certiorari, to review Respondent County's conditional use permit (CUP) to Respondent Lafarge for asphalt and/or concrete plant(s) in the County's agricultural forest management (AFM) zoning district, for the reason that such asphalt and/or concrete plants fall within the definition of "heavy industry" in the County's zoning order, and would therefore not be a conditional use in the County's AFM zoning district.

Schultz's point fails to comply with Rule 84.04 so substantially that his appeal cannot be reviewed. His point is not supported with an explanation as to why the legal reasons set forth in his point relied on support a claim of reversible error required by Rule 84.04(d)(1)(C). *Clemens v. Eberenz Construction Co., Inc.,* 258 S.W.3d 458, 459 (Mo.App. E.D.2008). Moreover, his argument is deficient because he does not cite to any legal authority or explain how principles of law interact with the facts of the case. *Id.* at 459–460. Schultz's failure to cite any legal authority to support his point on appeal preserves nothing for our review. *Id.* at 460.

"[A]llegations of error ... not properly briefed shall not be considered in any civil appeal[.]" *Id.* (quoting Rule 84.13(a)). Because of its substantial failure to comply with Rule 84.04, Schultz's brief preserves nothing for review. *Clemens,* 258 S.W.3d at 460. To determine whether Schultz is entitled to relief would require this Court to decipher his point, issues, and arguments, placing us in the untenable position of acting as his advocate. *Id.*

## II. CONCLUSION

The appeal is dismissed.

MARY K. HOFF, J., and LAWRENCE E. MOONEY, J., concur.

---

1. All references to Rules are to Missouri Supreme Court Rules (2009).

2. Schultz's brief raises six points on appeal. Schultz waived his second, third, fourth, fifth, and sixth points at oral argument. Thus, our discussion is limited to Schultz's first point on appeal.