METROPOLITAN ST. LOUIS SEWER DISTRICT, Respondent,

v.

TOMAX DEVELOPMENT CORPORATION and Sav Investment Corporation, f/k/a Lemay Land Corporation, Appellants.

No. ED 93955.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 2010.

Patrick Gadell, Timothy O'Sullivan, Co-Counsel, St. Louis, MO, for appellant.

Michael Kasperek, Randall Gusdorf, Co-Counsel, Clayton, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Tomax Development Corporation and SAV Investment Corporation (collectively "Appellants") appeal from the trial court's grant of Metropolitan St. Louis Sewer District ("MSD")'s motion for summary judgment. Appellants' brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and therefore we dismiss it.

### Discussion

Appellants' brief fails to comply with Rule 84.04 [1] in virtually every respect and renders their claims largely incomprehensible. Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is "mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo.App. W.D.2007) (internal quotation omitted).

Rule 84.04(a) sets forth four requirements for an appellant's brief. These are (1) a jurisdictional statement, (2) a statement of facts, (3) the points relied on, and (4) argument. Appellants' statement of

---

1. All rule references are to Mo. Rules Civ. P.2010, unless otherwise indicated.

facts does not contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Appellants' one page statement of facts contains only three citations to the record, all of which reference entire documents without specifying on which page the record supports their facts. Further, one of Appellants' wholly inadequate citations to the record references 130 pages of the Legal File. Rule 84.04(i); *Lueker v. Missouri W. State Univ.*, 241 S.W.3d 865, 868 (Mo.App. W.D. 2008) (record citations in appellate briefs are "mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record").

Rule 84.04(d) sets forth the requirements for points relied on. It requires that the point state briefly the actions or rulings of the court for which review is sought, and wherein and why they are claimed to be erroneous.

■ First, Appellants do not comply with Rule 84.04(d)(1), which requires each point relied on to identify the trial court ruling or action challenged, to provide a concise statement of the legal reasons for the claim on appeal, and to explain why the legal reasons support the claim of reversible error. In fact, Appellants do not identify a point relied on. They merely state in the bold heading of their section entitled "argument", "[t]he trial court improperly granted MSD's motion for summary judgment, since the response filed by the defendants was sufficient under Rule 74.02(c)2".

In *Thummel v. King*, the Missouri Supreme Court held:

The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part

of appellate courts. It is rooted in sound policy. Perhaps the most important objective of the requirement relative to the points relied on is the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered. Absent that, it is difficult, at the very least, for respondent's counsel to properly perform his briefing obligation.

. . . .

In addition, such notice is essential to inform the court of the issues presented for resolution. Clear statement of the points relied on facilitates full advocacy and affords the opportunity for clarification by meaningful questions directed to the issues stated in the points relied on. If the appellate court is left to search the argument portion of the brief (or even worse, to search the record on appeal) to determine and clarify the nature of the contentions asserted, much more is at stake than a waste of judicial time (even though in this time of increased litigation and heavy caseloads, that alone is sufficient justification for the rules). The more invidious problem is that the court may interpret the thrust of the contention differently than does the opponent or differently than was intended by the party asserting the contention. If that happens, the appellate process has failed in its primary objective of resolving issues raised and relied on in an appeal.

570 S.W.2d 679, 686 (Mo. banc 1978).

Second, Appellants' brief fails to comply with Rule 84.04(d)(5) requiring that immediately following each point relied on, the appellant must include a list of cases, not exceeding four, and any other authority upon which the party principally relies. Appellants' brief contains no such list of cases or other authority.

Third, Appellants' brief violates Rule 84.04(e) in its argument section, because it fails to set forth the applicable standard of review for their claimed error. Appellants fail to plainly identify the claimed error. And finally, Appellants' brief does not contain a proper jurisdictional statement as required by Rule 84.04(b).

"Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo. App. E.D.1999). To determine whether Appellants are entitled to relief would require this Court to decipher their point, issues, and arguments, placing us in the untenable position of acting as Appellants' advocate. *Schultz v. Warren County,* 295 S.W.3d 237, 238 (Mo.App. E.D.2009).

### Conclusion

Appellants' brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for appellate review. *Thornton v. City of Kirkwood,* 161 S.W.3d 916, 919 (Mo.App. E.D.2005). The appeal is dismissed.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., concur.