Daniel E. DUNCAN, Respondent,

v.

Bonnie L. DUNCAN, Appellant.

No. ED 93966.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 21, 2010.

Bonnie L. Duncan, Hillsboro, MO, for appellant.

Daniel E. Duncan, House Springs, MO, for respondent.

Before: GARY M. GAERTNER, JR., P.J., MARY K. HOFF, J., and PATRICIA L. COHEN, J.

PER CURIAM.

Bonnie Duncan (Appellant) appeals from the trial court's judgment granting a full order of protection after Daniel E. Duncan filed a petition for protection, pursuant to the Adult Abuse Act, Sections 455.010 through 455.085 RSMo 2004. Appellant's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and we therefore dismiss it.[1]

■ Rule 84.04 sets forth various requirements for appellate briefs, and compliance with these requirements is "man-datory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Brown v. Ameristar Casino Kansas City. Inc.,* 211 S.W.3d 145, 147 (Mo.App. W.D.2007). Pro se appellants are held to the same standards as attorneys regarding Rule 84.04's mandatory appellate briefing rules. *See Pointer v. State, Dep't of Social Servs.,* 258 S.W.3d 453, 454 (Mo.App. E.D.2008). While this court recognizes the problems faced by pro se litigants, we cannot give preferential treatment to non-lawyers. It is not for lack of sympathy, but rather is "necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." *Elkins v. Elkins,* 257 S.W.3d 617, 618 (Mo.App. E.D.2008) (citation omitted).

■ Rule 84.04 sets forth certain requirements for an appellant's brief, including (1) a jurisdictional statement, (2) a statement of facts, (3) the points relied on, and (4) argument. Rule 84.04(b)–(e). Here, Appellant failed to comply with Rule 84.04 in several respects. First, Appellant's brief fails to either include a jurisdictional statement or identify points on appeal. Rule 84.04(b), (d).

Second, Appellant's one-page statement of facts does not contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Rather, Appellant's statement is argumentative, incomplete, and references matters outside the record on appeal. *See Johnson v. Buffalo Lodging Assocs.,* 300 S.W.3d 580, 581 (Mo.App. E.D.2009) (dismissing appeal when, among other things, statement of facts violated Rule 84.04(c) in that it was argumentative, incomplete, and referenced

---

1. On this same date, we also dismiss a companion appeal filed by Bonnie Duncan for failure to comply with Mo. Rule Civ. P. 84.04.

*Rachel Evette Duncan–Anderson v. Bonnie Duncan,* No. ED93975.

matters outside record); *Perkel v. String-fellow*, 19 S.W.3d 141, 146 (Mo.App. S.D. 2000) (statement of facts should afford appellate court "accurate, complete and unbiased understanding of the facts of the case").

Last, Appellant's brief violates Rule 84.04(e), because it fails to set forth the applicable standard of review, presents no legal arguments for reversal, and contains no citations to legal authorities. Appellant does not develop her claim of error "by showing the interaction between the relevant principles of law and the facts of the particular case." *Johnson*, 300 S.W.3d at 582 (dismissing appeal for failure to comply with Rule 84.04(e)'s requirements). Significantly, Appellant does not provide a single reference to any legal authority. If a party does not support her arguments with relevant authority or present arguments beyond conclusory statements, the point is deemed abandoned. *Id.*

Rule 84.04 violations are "grounds for a court to dismiss an appeal." *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App. E.D. 1999). To determine whether Appellant is entitled to relief would require this court to interpret her point, issues, and arguments, placing us in the untenable position of acting as Appellant's advocate. *Schultz v. Warren County*, 295 S.W.3d 237, 238 (Mo.App. E.D.2009).

*Conclusion*

Appellant's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for appellate review. The appeal is dismissed.