Signature of Election Officer (Witness)

Date: 12/11/2012

EXHIBIT

10:49PM HP LASERJET FAX 6

SUPERIOR BANK, Respondent,

v.

Jeffrey A. SADOWSKY, Appellant.

No. ED 97482.

Missouri Court of Appeals,
Eastern District,

Division Four.

Aug. 14, 2012.

Mitchell D. Jacobs, Clayton, MO, for appellant.

Michael P. Steeno, Stephen J. Barber, Miller and Steeno, P.C., St. Louis, MO, for respondent.

KURT S. ODENWALD, Judge.

## Introduction

Jeffrey Sadowsky ("Sadowsky") and Arrow Properties, LLC ("Arrow") (collectively hereinafter "Appellants") appeal from the trial court's order granting summary judgment to Superior Bank ("Bank") on Bank's action seeking damages for breaches of contract on a promissory note and commercial guaranty. The trial court held there was no genuine issue as to any material fact that Bank was entitled to payment on the outstanding balance of the note and guaranty and granted summary judgment in favor of Bank. Appellants now appeal alleging genuine issues of material fact exist regarding the validity of the foreclosure and the appointment of a successor trustee. Appellants have substantially failed to comply with Rule 84.04[1] so as to impair our review of the merits and preserve nothing for our review. Accordingly, we dismiss the appeal.

## Factual and Procedural History

Viewed in the light most favorable to Appellants, the record contains the following facts. On May 25, 2006, Arrow executed a promissory note for the sum of $235,200 to Bank for a real estate loan, and secured the promissory note by a deed of trust on several parcels of real property. At the same time, Sadowsky executed a commercial guaranty to Bank in order to further secure the loan. The parties executed an amendment on September 11, 2007, reducing the balance of the loan to $160,902.24 and extending the loan maturity date.

It is undisputed that Arrow subsequently failed to make required payments and, under the terms of the promissory note, the balance of the loan and all unpaid interest became immediately due. Bank filed an appointment of successor trustee, although Appellants dispute the validity of that appointment. Bank held a foreclosure sale of the remaining real properties secured by the deed of trust. After applying the proceeds of the foreclosure sale, the remaining balance due on the promissory note and commercial guaranty was $169,295.34.

Bank made an unsuccessful demand for payment on Appellants and filed suit. After conducting discovery, Bank filed a motion for summary judgment alleging that there were no genuine issues as to any material fact and Bank was entitled as a matter of law to judgment awarding payment of the outstanding balance of the loan secured by the promissory note and commercial guaranty. In response to Bank's motion for summary judgment, Appellants argued that Bank improperly appointed the successor trustee because the document incorrectly stated the date of the deed of trust. Appellants also asserted that the promissory note and commercial guaranty were invalid because they were based on inflated appraisals obtained by Bank. After a hearing, the trial court held that there was no genuine issue as to any material facts that Appellants breached the promissory note and commercial guaranty. Accordingly, the trial court granted summary judgment in favor of Bank and

---

**1.** All rules references are to Mo. R. Civ. P. (2011).

awarded Bank $169,925.34. This appeal follows.

## Points on Appeal

■ Appellants present two points on appeal. In their first point, Appellants argue that the trial court incorrectly entered summary judgment because a genuine issue of fact exists as to whether Bank used inaccurately high appraisals when valuing the property at issue. In their second point on appeal, Appellants contend that the trial court's judgment was in error due to a clerical deficiency in filing the appointment of successor trustee.[2]

## Standard of Review

We review the entry of summary judgment *de novo.* *Rice v. Shelter Mut. Ins. Co.,* 301 S.W.3d 43, 46 (Mo. banc 2009). We review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm where the pleadings, depositions, affidavits, answers to interrogatories, exhibits, and admissions establish that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beyerbach v. Girardeau Contractors, Inc.,* 868 S.W.2d 163, 165 (Mo.App. E.D.1994).

## Discussion

**I. Appellants' first point on appeal fails to preserve an issue for our review.**

■ In their first point on appeal, Appellants contend that the trial court erred

in granting summary judgment because a dispute exists as to a material fact. Specifically, Appellants allege that there is a dispute as to whether the loans represented by the underlying promissory notes were based upon falsely inflated appraisals provided by Bank. After careful review, we find Appellants' amended brief contains substantial deficiencies under Rule 84.04, precluding our review of their first point on appeal.

■ It is well established that the Missouri Supreme Court rules governing appellate briefs are mandatory. *Duncan v. Duncan,* 320 S.W.3d 725, 726 (Mo.App. E.D.2010); Rule 84.04 ("The brief for appellant *shall* contain . . .") (emphasis added). An appellant's failure to substantially comply with the rules governing the contents of an appellate brief preserves nothing for our review and is grounds for dismissing the appeal. *Duncan,* 320 S.W.3d at 726. Compliance with briefing requirements is necessary to ensure that appellate courts do not become advocates by inferring facts and arguments that the appellant failed to assert. *State ex rel. Nixon v. Koonce,* 173 S.W.3d 277 (Mo.App. W.D.2005). This Court may exercise its discretion to dismiss the appeal due to briefing errors where the deficiencies impede disposition of the merits of the appeal. *Bishop v. Metro Restoration Services, Inc.,* 209 S.W.3d 43, 48 (Mo.App. S.D.2006).

Rule 84.04(d)(1) states that in order to present an issue on appeal an appellant must:

---

**2.** In their second point, Appellants argue that clerical errors existed in Bank's recording of an appointment of successor trustee because it incorrectly referenced the date of the deed of trust and the page where it was recorded. We do not address the issue of the alleged recording referencing the incorrect page number because that issue was not raised before the trial court. *See D.E. Properties Corp. v. Food for Less, Inc.,* 859 S.W.2d 197, 201 (Mo.App. E.D.1993). We do, however, address the issue of whether the inaccurate recitation of the deed of trust recording date on the appointment of successor trustee renders summary judgment inappropriate.

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in a summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Rule 84.04(d)(1).

Regarding their first point on appeal, Appellants' amended brief fails to substantially comply with Rule 84.04(d)(1)(B)-(C). Appellants argue that the trial court's order granting Bank summary judgment was in error because the parties have a genuine dispute as to whether Bank used inflated appraisals of the properties at issue. In the context of an appeal from an order granting summary judgment, Rule 84.04(d)(1)(B)-(C) requires that Appellants explain why the accuracy of the appraisal value is a material fact to the underlying cause of action. *See Bridges v. American Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo.App. W.D.2004). In neither the point on appeal nor the ensuing argument do Appellants explain what relationship or nexus the appraisals have to the foreclosure proceeding at issue as required by Rule 84.04(d)(1)(B). Notably, in their point on appeal, Appellants provide no list of cases or other authority supportive of their point as is required by Rule 84.04(d)(5). Appellants do not describe the elements of Bank's prima facie case, nor explain why any potentially inaccurate appraisals affect Bank's entitlement to judgment as a matter of law. In omitting such statement and judicial authority, Appellants' amended brief fails to substantially comply with the mandatory requirements of Rule 84.04(d). *See id.* We note that Appellants also fail to provide the proper standard of review as required by Rule 84.04(e). Point One is dismissed.

## II. Appellants' second point on appeal fails to preserve an issue for our review.

In their second point on appeal, Appellants argue that the trial court's judgment was in error because the appointment of successor trustee incorrectly stated that the deed of trust was signed on May 26, 2006. Appellants assert that the deed of trust was in fact signed on May 25, 2006. Appellants contend that this error bars summary judgment in favor of Bank. Appellants' second point also fails to substantially comply with Rule 84.04 and therefore preserves nothing for our review. Again, Appellants fail to comply with Rule 84.04(d)(1)(B)-(C) by omitting an explanation of why the alleged error complained of constitutes reversible error. As already stated, summary judgment is appropriate where there is no issue as to any material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c). In the context of summary judgment, Rule 84.04(d)(1)(C) requires Appellants to explain, why the stated clerical error renders summary judgment inappropriate. Rule 84.04. As with its first point on appeal, Appellants do not explain how a recording error creates an issue of material fact as to the validity of the foreclosure. Moreover, Appellants again fail to list the cases or authority upon which they base their point on appeal as required by Rule 84.04(d)(5).

Similar to their first point on appeal, Appellants fail to provide the proper standard of review as required by Rule 84.04(e). In failing to articulate a basis for this Court to find the presence of reversible error, and in neglecting to substantially follow other mandatory requirements of Rule 84.04, Appellants' second point on appeal preserves nothing for our review, and is therefore dismissed.

*Conclusion*

Appellants' amended brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for appellate review. The appeal is dismissed.

Lawrence E. Mooney, P.J., Patricia L. Cohen, J., concur.