**AMERICAN SENIOR BENEFITS,**
Respondent,

v.

**Dan R. LEWIS, Appellant.**

No. ED 105166

Missouri Court of Appeals,
Eastern District,
DIVISION TWO.

Filed: September 19, 2017

Dan R. Lewis, Bountiful, UT, for appellant.

Allison M. Sweeney, Hillsboro, MO, for respondent.

Philip M. Hess, Judge

### Introduction

Dan Lewis ("Appellant") appeals from the judgment of the circuit court of Jefferson County, following a bench trial, in favor of American Senior Benefits, LLC ("Respondent"). Appellant asserts six points of error on appeal. However, Appellant's brief violates Rule 84.04 so substantially that we are unable to review any of his points. Appeal dismissed.

### Factual Background

Appellant is a retired insurance salesman residing in Bountiful, Utah. Respondent is an Ohio Limited Liability Corporation authorized to do business in the State of Missouri, and its business primarily consists of insurance marketing. Prior to his retirement, Appellant entered into an agency agreement contract (the "Agreement") with Respondent in February 2012. Section 7 of the Agreement stated that Appellant would be paid commissions by Respondent on premiums collected from insurance policies he sold. If the Agreement was terminated within twenty-four months, Appellant would not be "vested," which meant that he would not be entitled to further commissions. The Agreement also provided that Appellant would have to reimburse Respondent for commissions it paid Appellant if a policy sold by Appellant was cancelled. Section 6 of the Agreement provided that either party could terminate the contract "for any or no reason at any time by either party upon written notice to the other." Section 6 also provided that Respondent could terminate the Agreement "for cause" immediately upon mailing written notice to Appellant's last known address.

In October 2012, Respondent's Chief Operating Officer ("COO") received a form requesting that Appellant's contractor status be terminated. The COO mailed notice to Appellant terminating the Agreement and demanding Appellant reimburse Respondent for commissions it had paid Appellant on a policy he sold that was cancelled prematurely.

Appellant did not reimburse Respondent, and Respondent filed a petition demanding $6,788.40 in damages for Appellant's breach of the Agreement, as well as attorney's fees. Following a bench trial, the trial court ordered Appellant to pay Respondent $6,788.40, but declined Respondent's request for attorney's fees. This appeal follows.

## Standard of Review

We will affirm the judgment in a court-tried case unless there is no substantial evidence to support it; it is against the weight of the evidence; it erroneously declares the law; or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Substantial evidence means competent evidence from which the trial court could reasonably decide the case." *T.S.I. v. A.L.(C.)B.*, 521 S.W.3d 317, 320 (Mo. App. E.D. 2017).

## Discussion

Rule 84.04 [1] sets forth mandatory requirements for appellate briefs. The requirements must be complied with "in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Duncan v. Duncan*, 320 S.W.3d 725, 726 (Mo. App. E.D. 2010) (quotations omitted). We hold pro se appellants to the same standards as attorneys regarding Rule 84.04's mandatory briefing rules. *Id.* We acknowledge the problems faced by pro se litigants, but we cannot give preferential treatment to non-lawyers. *Id.* Appellant's brief fails to comply with multiple Rule 84.04 requirements such that his appeal is unreviewable.

First, Appellant's brief violates Rule 84.04(c) because his statement of facts does not contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Appellant's statement of the facts is plainly argumentative and repeatedly ignores unfavorable testimony. For example, Appellant argues in his statement of facts that "neither party ever gave or received a 'written notice' for contract termination," even though Respondent's witness testified she sent a termination letter to Appellant using first-class mail.

Appellant misconstrues the record multiple times in his statements of facts. For example, he asserts that "[t]he court agreed with [Appellant] that [Respondent] had defaulted on their own contract yet still made a final judgment in favor of [Respondent]." Appellant cites to the following portion of the trial transcript to support his assertion:

[Trial Court]: [H]ere's where we are at. I've heard the testimony that you gave. I don't hear any other arguments about this contract other than that. Okay?

[Appellant]: Let me see if there's anything we've missed in my notes. Primarily, I believe ASB defaulted on the agreement.

[Trial Court]: Correct.

[Appellant]: Whether that creates a forfeiture on their right to make future claims, I don't know legally how that would apply.

[Trial Court]: I'll make that determination.

Appellant appears to be arguing that by saying "Correct" the trial court was making a legal conclusion that Appellant's argument was correct. Rather, the record demonstrates that the trial court was seeking to clarify the arguments Appellant was making, as it was concerned that it might have been "off base" on its understanding of what Appellant was trying to argue. Appellant's deficient statement of facts alone is grounds for dismissal. *Exec. Bd. of Missouri Baptist Conv. v. Windermere Baptist Conf. Ctr., Inc.*, 430 S.W.3d 274, 284 (Mo. App. S.D. 2014) ("Violations of Rule 84.04(c) constitute grounds for dismissal of an appeal.").

---

1. All references to Rules are to the Missouri Supreme Court Rules (2016).

Furthermore, we cannot review Appellant's points because they both fail to comply with Rule 84.04(d)(1) and contain noncognizable arguments. Rule 84.04(d)(1) requires that each point in an appellant's brief shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Appellant's six points relied on are as follows:

Point 1: No written termination notice, No proof of delivery = Contract was never terminated = No breach of contract.

. . . .

Point 2: The court erred in ignoring three false statements by [Respondent] in their Complaint (LF3-4) because they create a faulty Complaint in violation of Missouri Supreme Court Rule 55.03(a)(3) and 18 U.S.C. § 1001, in that these false statements misled [Appellant] and the court regarding the facts of the case.

. . . .

Point 3: Issue of 'contract termination' is missing from Complaint.

. . . .

Point 4: Activity after October 31, 2012 further corroborates a 'live contract.'

. . . .

Point 5: Judge denied evidence based on Defendant not filing a counterclaim.

. . . .

Point 6: The court erred by considering 'Breach of contract' had occurred because 'Breach of contract' by [Appellant] is not possible while the contract is still alive. The court erred by considering 'Breach of contract' in that it is not adequately supported or validated in the complaint or during trial because [Respondent] did not apply 'repayment of debt' as defined in the Promissory Note Section of the contract.

Point one is incoherent and fails to identify and challenge a trial court ruling in violation of Rule 84.04(d)(1)(A). Point two alleges a violation of both Rule 55.03(a)(3), which does not exist, and 18 U.S.C. § 1001, which is a federal statute that has no bearing in this case. Point three fails to identify and challenge a trial court ruling in violation of Rule 84.04(d)(1)(A) and also fails to meet the requirements of Rules 84.04(d)(1)(B) and (C). Point four fails to comply with every subsection of Rule 84.04(d)(1). Point five identifies a trial court ruling, but fails to comply with Rules 84.04(d)(1)(B) and (C). Point six contains a nonsensical argument that a breach of contract cannot occur "while the contract is still alive" and as such is unreviewable.[2] Reviewing the merits of Appellant's points would require us

---

**2.** To the extent Appellant is attempting to argue there was insufficient evidence to support Respondent's claim that Appellant breached the Agreement, we disagree. The elements for breach of contract are: (1) the existence and terms of a contract; (2) the plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010). At trial, Respondent demonstrated that it paid Appellant commissions, the terms of the Agreement required Appellant to repay the commissions because the underlying policies were cancelled, and Appellant failed to do so. Respondent also demonstrated the damages it suffered as a result of Appellant's breach. Accordingly, Respondent properly proved its breach of contract claim at trial.

to speculate "on facts and on arguments that have not been made," which Rule 84.04 was designed to avoid. *Duncan*, 320 S.W.3d at 726. Accordingly, we are unable to review any of Appellant's points.

### Conclusion

We dismiss the appeal because Appellant failed to comply with Rule 84.04 so substantially that the appeal is unreviewable. Appeal dismissed.

Lisa P. Page, P.J. and Roy L. Richter, J. concur.