

# In the Missouri Court of Appeals
## Eastern District

DIVISION ONE

| | | |
|---|---|---|
| ERIC BURNETTE, | ) | No. ED108017 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | |
| | ) | |
| ARAMARK SERVICES, INC., AND | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | FILED: April 28, 2020 |

Eric Burnette, *pro se* appellant ("Appellant"), appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") denying him unemployment benefits for the week of February 24, 2019 – March 2, 2019. Appellant was employed by Aramark Services, Inc. ("Respondent") from March 2004 until the termination of his employment on February 25, 2019, backdated to February 15, 2019. Because Appellant's brief violates Missouri Supreme Court Rule 84.04 so substantially that we are unable to review the merits of his appeal, this appeal is dismissed.

## I. Background

Appellant began his employment with Respondent on March 26, 2004. On February 15, 2019, Respondent placed Appellant on administrative leave pending an investigation, after he threatened another employee. Appellant allegedly told the other employee, "I'll knock you out."

That investigation concluded on February 25, when Appellant was terminated by Respondent. Per Respondent's policy, Appellant's date of termination was backdated to February 15, the date he was placed on administrative leave. Subsequently, Appellant received $593.20 as payment for the 113 hours of vacation he had accrued.

On February 28, 2019, the Division of Employment Security ("D.E.S.") notified Respondent that Appellant had filed a claim for unemployment benefits. On March 11, Respondent informed D.E.S. that Appellant had been discharged for threatening another employee, and that in doing so he had violated Respondent's policy against violence in the workplace. On March 20, a D.E.S. deputy determined Appellant was ineligible to receive unemployment benefits for the week of February 24, 2019 – March 2, 2019, because his earnings for that week equaled or exceeded the weekly benefit amount, plus 20% of that amount. Specifically, Appellant's weekly benefit was $320, plus 20% of that amount, for a total of $384. Because Respondent had paid Appellant $593.20, and that exceeded his weekly benefit of $384, D.E.S. determined that Appellant was ineligible for benefits for that week ending March 2, 2019.

On April 4, 2019, Appellant appealed the D.E.S. decision denying him benefits, and received a telephone hearing before the Appeals Tribunal ("the Tribunal") on April 24. Then, on April 29, the Tribunal concluded as follows:

> The issue is whether . . . [Appellant's] vacation pay equals or exceeds the weekly benefit amount plus . . . 20% of [that] amount for the week ending March 2, 2019.
>
> [Appellant] received $593.20 in vacation pay for the week, which exceeded [Appellant's] weekly benefit amount ($320) plus twenty percent of [that] amount ($64). [Appellant's] vacation pay for the week renders him ineligible for benefits. Therefore, it is concluded that [Appellant] is ineligible for benefits from February 24, 2019, to March 2, 2019.

On May 30, 2019, the Commission affirmed the Tribunal's decision. This appeal follows.

## II. Discussion

### Appellant's Brief Fails to Comply with the Requirements of Rule 84.04, and thus His Appeal Must be Dismissed

Rule 84.04 provides the mandatory requirements with which all appellate briefs must comply. Am. Senior Benefits v. Lewis, 528 S.W.3d 459, 461 (Mo. App. E.D. 2017). This rule requires appellate briefs contain (1) a detailed table of contents, with page references, and an alphabetically arranged table of cases, statutes, and other authorities cited, with reference to the pages of the brief where they are cited; (2) a concise statement of the grounds on which jurisdiction of the review court is invoked; (3) a statement of facts; (4) the points relief on; (5) an argument that substantially follows the order of the points relied on; and (6) a short conclusion stating the precise relief sought. Rule 84.04(a)(1)-(6). Rule 84.04(c) governs the statement of facts, and requires each statement of facts be a "fair and concise statement of the facts relevant to the questions presented for determination," and also that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal. . . ." Rule 84.04(c). Rule 84.04(d) outlines the requirements for the appellant's points relied on. This rule requires that each point:

> . . .[i]dentify the trial court ruling or action that the appellant challenges; . . . [s]tate concisely the legal reasons for the appellant's claim of reversible error; and . . . [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Rule 84.04(d)(1)(A)-(C). Rule 84.04(d) also explains the format for each point relied on, requiring:

> The point shall be in substantially the following form: The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons in the context of the case, support the claim of reversible error.

Rule 84.04(d)(1). 84.04(e) governs the argument section of the brief, and it requires "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal. . . ." Rule 84.04(e).

The failure to "substantially comply" with Rule 84.04 preserves nothing for review. In re Marriage of Shumpert, 144 S.W.3d 217, 321 (Mo. App. E.D. 2004). We require compliance with these requirements "in order to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been made." Lewis, 528 S.W.3d at 461 (quoting Duncan v. Duncan, 320 S.W.3d 725, 726 (Mo. App. E.D. 2010)). While we acknowledge the problems faced by *pro se* litigants, they are held to the same standards as attorneys regarding the mandatory briefing rules provided by Rule 84.04, because "we cannot give preferential treatment to non-lawyers." Id. (internal quotations omitted).

Appellant's brief fails to substantially comply with the requirements set forth in Rule 84.04 for multiple reasons, and thus fails to preserve anything for review. First, Appellant's brief does not contain an alphabetical table of cases and authorities cited. See Rule 84.04(a). Second, Appellant's statement of facts contains little more than bare generalizations about his moral character, and contains no citations to the record on appeal. See Rule 84.04(c). Third and finally, Appellant's point relied on fails to follow the required structure, and his argument lacks any citations to the record on appeal. See Rule 84.04(d)-(e). While it is true Appellant represented himself as a *pro se* litigant in this case, he is held to the same standard as any attorney practicing before this Court. Lewis, 528 S.W.3d at 461. Accordingly, Appellant's brief preserves nothing for review and his appeal is dismissed.

4

### III.  Conclusion

We dismiss the appeal because Appellant failed to comply with Rule 84.04 so substantially that the appeal is unreviewable.

_____
ROY L. RICHTER, Judge

Robert M. Clayton III, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.