In the
 Missouri Court of Appeals
 Western District
ISAIAH DEERE AND ISABEL )
DEERE BY HER NEXT FRIEND )
WILLIAM JESSE BLANKENSHIP, ) WD83906
JR., AND WILLIAM JESSE )
BLANKENSHIP, JR., ) OPINION FILED: June 29, 2021
 )
 Appellant, )
 )
v. )
 )
APRIL I. DEERE, )
 )
 Respondent. )

 Appeal from the Circuit Court of Callaway County, Missouri
 The Honorable Sue M. Crane, Judge

Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Lisa White Hardwick,
 Judge and Thomas N. Chapman, Judge

 William Jesse Blankenship, Jr. ("Blankenship") appeals from a judgment of

paternity, custody and support. Because of material deficiencies in Blankenship's brief,

and because of Blankenship's failure to file a transcript of the trial giving rise to the

judgment, we are unable to conduct meaningful appellate review and Blankenship's

appeal is dismissed.
 Factual and Procedural Background

 Blankenship and April Irene Deere ("Deere") were never married, but were at one

time in a relationship. On September 14, 2014, embryos were created at a reproductive

clinic in North Carolina using Blankenship's sperm and Deere's eggs. Blankenship and

Deere's relationship ended near this time frame.

 On September 11, 2017, Deere had the embryos implanted at her sole cost and

expense. Blankenship claimed this was without his permission, and that his signature

was required and forged in order for Deere to be able to access the embryos.

 On May 18, 2018, twin children (a son and a daughter) were born to Deere from

the implanted embryos. Blankenship requested a DNA test which determined in or

around July 2018 that Blankenship was the biological father of the children.

 On August 6, 2018, Blankenship filed a petition for determination of father-child

relationship, order of custody, visitation, and child support against Deere in the Circuit

Court of Callaway County. Blankenship's petition sought a legal declaration that he was

the father of the two minor children, and an award of custody, parenting time, and child

support. Blankenship was represented by counsel at that time he filed his petition. Deere

filed an answer to the petition, and a counterclaim for a declaration of paternity, for

custody, and for an award of child support.

 A guardian-ad-litem ("GAL") was appointed to represent the interests of the

children. During the pendency of the proceedings, several temporary consent judgments

were entered awarding temporary joint legal and physical custody of the children to the

parties, and setting forth temporary parenting time schedules.

 2
 In or around March 2020, Blankenship's attorney withdrew from his

representation, and Blankenship began representing himself. On April 28, 2020,

Blankenship's pleadings were stricken as a sanction for failing to deposit GAL fees as

ordered.

 On June 3, 2020, Deere's counterclaim was tried. On June 25, 2020, the trial court

entered a judgment ("Judgment").1 The trial court found that Blankenship and Deere

were unsuccessful in being flexible with the parenting times set forth in temporary

consent judgments. The trial court found that the parties were unable to communicate

regarding the children's welfare and at exchanges of the children, and that the inability to

communicate "adversely impacts the best interests of the children." The trial court noted

that both children were experiencing speech development issues, and that son had been

diagnosed as autistic, but that Blankenship "refused to allow the children to receive . . .

recommended services." The trial court further found that the parties had unsuccessfully

participated in coparenting classes with a high conflict parenting counselor, and that the

"parties are unable to work together for the children's best interests as coparents."

 The Judgment adopted Deere's proposed parenting plan and incorporated it by

reference. That same proposed parenting plan had been recommended by the GAL, and

continued the parenting time schedule set forth in the most recent temporary consent

judgment. As a result, Blankenship was awarded visitation on alternate weekends and for

certain holidays and special days, as set forth in the adopted parenting plan. Though

 1
 It appears from the record that the Judgment was file stamped on June 16, 2020. However, the Judgment
was not signed by the trial judge until June 25, 2020.

 3
Blankenship was awarded visitation, the Judgment awarded Deere sole legal and physical

custody of the minor children.

 After considering the parties' respective Form 14's, and finding that the parties are

unable to communicate about sharing costs for health care, extraordinary expenses, or

extra-curricular expenses, the trial court ordered Blankenship to pay Deere child support

in the amount of $1,550 per month, and ordered Deere to provide health insurance for the

children. Blankenship was also ordered to pay Deere $750 for GAL fees Deere paid in

excess of her share, and $8,434 for one-half of the medical costs incurred by Deere in

connection with in vitro fertilization of the embryos. The trial court ordered each party to

pay his or her own attorney fees.

 Blankenship filed this appeal.

 Analysis

 Deere filed a motion to dismiss Blankenship's appeal which was taken with the

case. Deere contends that due to substantial violations of Rule 84.04,2 and Blankenship's

failure to file a transcript in the record on appeal, Blankenship's appeal must be

dismissed. We agree.

Rule 84.04 Violations

 "Rule 84.04 sets forth various requirements for appellate briefs, and compliance

with these requirements is 'mandatory to ensure that appellate courts do not become

advocates by speculating on facts and on arguments that have not been made.'" Duncan

v. Duncan, 320 S.W.3d 725, 726 (Mo. App. E.D. 2010) (quoting Brown v. Ameristar

 2
 All Rule references are to Missouri Court Rules, Volume I -- State, 2021 unless otherwise noted.

 4
Casino Kansas City, Inc., 211 S.W.3d 145, 147 (Mo. App. W.D. 2007)). "The failure to

substantially comply with Rule 84.04 preserves nothing for review." Anderson v. Am.

Family Mut. Ins. Co., 173 S.W.3d 356, 357 (Mo. App. W.D. 2005). "Although

[Blankenship] appears pro se, he is held to the same standard as attorneys and is subject

to the mandatory appellate briefing requirements of Rule 84.04." Bennett v. Taylor, 615

S.W.3d 96, 98 (Mo. App. E.D. 2020). "'Judicial impartiality, judicial economy, and

fairness to all parties necessitates that we do not grant pro se litigants preferential

treatment with regard to their compliance with those procedural rules.'" Id. (quoting

Hamilton v. Archer, 545 S.W.3d 377, 379 (Mo. App. E.D. 2018)).

 Rule 84.04(a)(3) requires the brief for appellant to contain a statement of facts.

Rule 84.04(c) provides that "[t]he statement of facts shall be a fair and concise statement

of the facts relevant to the questions presented for determination without argument." In

addition, "[a]ll statements of facts shall have specific page references to the relevant

portion of the record on appeal. . . ." Rule 84.04(c). Blankenship's amended appellant's

brief,3 which was filed on February 8, 2021, includes a section called "statement of

facts." However, Blankenship does not provide a fair and concise statement of the facts

relevant to the questions presented for determination, and his statement of facts is instead

replete with arguments, accusations, and caselaw discussion. Moreover, Blankenship's

statement of facts contains no citations to the record. Both Rule 84.04(c) violations

support dismissal of Blankenship's appeal. Duncan, 320 S.W.3d at 726-27; Brown, 211

 3
 Blankenship's initial appellant's brief was struck by this Court on December 1, 2020 due to its material
failure to conform with the requirements of Rule 84.04.

 5
S.W.3d at 147 (citing Missouri Highway & Transp. Comm'n v. Taylor, 839 S.W.2d 676,

678 (Mo. App. S.D. 1992); Cooper v. Bluff City Mobile Home Sales, Inc., 78 S.W.3d 157,

165 (Mo. App. S.D. 2002)).

 Rule 84.04(a)(4) requires the brief for appellant to contain points relied on. Rule

84.04(d)(1) provides that a point relied on shall "(A) Identify the trial court ruling or

action that the appellant challenges; (B) State concisely the legal reasons for the

appellant's claim of reversible error; and (C) Explain in summary fashion why, in the

context of the case, those legal reasons support the claim of reversible error." Although

Blankenship's brief includes a page that is titled "Points Relied On/Similar Cases," the

brief includes no points relied on at all, and instead launches into a discussion of frozen

embryo case law that is unattached to any claimed or identified trial court error.

 The purpose of Rule 84.04(d)(1) is "to give notice to the opposing party of the

precise matters which must be contended with and to inform the court of the issues

presented for review." Crawford Cty. Concerned Citizens v. Mo. Dep't of Nat. Res., 51

S.W.3d 904, 908 (Mo. App. W.D. 2001) (internal quotation marks omitted). "The

requirement that the point relied on clearly state the contention on appeal is not simply a

judicial word game or a matter of hypertechnicality [sic] on the part of appellate courts."

In re Marriage of Weinshenker, 177 S.W.3d 859, 863 (Mo. App. E.D. 2005) (internal

quotation marks omitted). The absence of any points relied on in Blankenship's brief

warrants dismissal of Blankenship's appeal. Brown, 211 S.W.3d at 147 (finding

dismissal of appeal required where appellant's brief contained no points relied on); see

 6
also State v. Mullins, 140 S.W.3d 64, 68 (Mo. App. W.D. 2004) (holding that insufficient

points relied on preserve nothing for appellate review).

 Rule 84.04(a)(5) requires the brief for an appellant to contain "[a]n argument,

which shall substantially follow the order of the points relied on." Rule 84.04(e) provides

in addition that "[t]he argument shall be limited to those errors included in the 'Points

Relied On.'" And, as to each claim of error, "the argument shall also include a concise

statement describing whether the error was preserved for appellate review; if so, how it

was preserved; and the applicable standard of review." Rule 84.04(e).

 As Blankenship's brief contains no points relied on, it is axiomatic that the portion

of his brief entitled "Argument/Reason for Appeal" does not comply with Rule 84.04(e)'s

requirement that the argument be limited to the errors included in the Points Relied On.

Moreover, the argument portion of Blankenship's brief has nothing at all to do with the

cases addressing frozen embryos discussed in the part of the brief purporting to set forth

points relied on. And, though the argument portion of the brief summarily states that

Blankenship is trying to "obtain[] . . . joint custody, reasonable visitation (weekly) and

reasonable child support," the brief violates Rule 84.04(e) because it "fails to set forth the

applicable standard of review, presents no legal arguments for reversal," and "does not

develop [Blankenship's] claim[s] of error 'by showing the interaction between the

relevant principles of law and the facts of the particular case.'" Duncan, 320 S.W.3d at

727 (quoting Johnson v. Buffalo Lodging Assocs., 300 S.W.3d 580, 581 (Mo. App. E.D.

2009)). Instead, Blankenship's brief "mainly consists of bare conclusions that lack any

legal analysis or supporting rationale." Burgan v. Newman, 618 S.W.3d 712, 715 (Mo.

 7
App. E.D. 2021). Blankenship "essentially invites this Court to craft an argument on his

behalf and conduct our own research; however, by doing so, we would impermissibly

become [Blankenship's] advocate." Id. at 716.

 Blankenship's violations of Rule 84.04 are substantial, and not mere technicalities.

His failure to substantially comply with Rule 84.04 requires us to dismiss his appeal.

Duncan, 320 S.W.3d at 727 ("Rule 84.04 violations are 'grounds for a court to dismiss an

appeal.'" (quoting Shochet v. Allen, 987 S.W.2d 516, 518 (Mo. App. E.D. 1999))). We do

so reluctantly. This Court always prefers where possible to decide matters on the merits.

McDowell v. St. Luke's Hosp. of Kansas City, 572 S.W.3d 127, 130 n.1 (Mo. App. W.D.

2019) ("It is always our preference to resolve an appeal on the merits of the case rather

than to dismiss an appeal for deficiencies in the brief." (internal quotation marks

omitted)). However, we exercise our discretion to review noncompliant briefs ex gratia

only when "'we can ascertain the gist of an appellant's arguments, notwithstanding minor

shortcomings in briefing.'" Burgan, 618 S.W.3d at 714 (quoting Unifund CCR Partners

v. Myers, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018)). Blankenship's briefing

deficiencies are not minor, and instead his brief "is so deficient that we are not able to

conduct a meaningful review of his case without becoming an advocate for him, which

we cannot do." Id. at 716.

 We dismiss Blankenship's appeal in light of substantial Rule 84.04 briefing

deficiencies.4

 4
 Deere's motion to dismiss Blankenship's appeal, which was taken with the case, is therefore granted.

 8
Failure to File a Transcript

 Even if Blankenship's Rule 84.04 briefing deficiencies were of a nature that they

could be overlooked, which they are not, we would nonetheless be required to dismiss

this appeal because Blankenship has failed to provide us with a transcript from the trial.

"'Rule 81.12 specifies the record which must be provided by an appellant on appeal and

imposes upon an appellant the duty to file the transcript and prepare a legal file so that

the record contains all evidence necessary to make determinations on the issues raised.'"

Cantwell v. Cantwell, 315 S.W.3d 384, 386 (Mo. App. W.D. 2010) (quoting Carter v.

State, 253 S.W.3d 580, 582 (Mo. App. S.D. 2008)). Blankenship compiled a legal file,

but he did not file a transcript. Though deficiencies in Blankenship's brief render it

impossible to discern the specific claims of error being asserted, it is clear from summary

statements in the brief that Blankenship disagrees with the Judgement. For example, in

the Conclusion portion of his brief, Blankenship asks this Court to "modify the [trial]

court's decision for custody, visitation and reasonable modification of child support."

Without the transcript, we have no way of knowing what the testimony or admitted

evidence was at trial, and thus no way to determine whether the trial court erred in its

custody, parenting time, or child support findings and conclusions. See Cantwell, 315

S.W.3d at 386-87 (holding that "[w]ithout the transcript, this Court has no way to assess

[appellant's] claim that the trial court abused its discretion" in a modification of custody

hearing); Dressel v. Dressel, 221 S.W.3d 475, 477 (Mo. App. E.D. 2007) ("Because

[appellant] failed to file a transcript of the hearings in the dissolution of marriage

 9
proceedings, this Court has no way to determine whether the trial court did in fact err in

its judgments.").

 Blankenship's failure to provide this Court with the necessary record to review his

claims provides an alternative basis for dismissal of his appeal. Cantwell, 315 S.W.3d at

386-87; Dressel, 221 S.W.3d at 477.

 Conclusion

 Blankenship's appeal is dismissed.5

 __________________________________
 Cynthia L. Martin, Judge

All concur

 5
 Deere also filed a motion for an award of attorney's fees pursuant to Rule 84.19, which authorizes an
award of attorney's fees "[i]f an appellate court shall determine that an appeal is frivolous." We took the motion for
an award of attorney's fees with the case, and now deny the motion. Rule 84.19 sanctions are awarded "only with
great caution lest we chill others from filing meritorious appeals." Johnson v. Aldi, Inc., 971 S.W.2d 911, 912 (Mo.
App. E.D. 1998). Though Blankenship's brief substantially failed to comply with Rule 84.04 as to require dismissal
of his appeal, that is not a basis in and of itself to impose Rule 84.19 sanctions. The disagreements summarily noted
by Blankenship's brief with the Judgment's custody, parenting time, and child support findings were not preserved
for appellate review. But we cannot say that Blankenship's disagreements with the Judgment are "so manifestly and
palpably devoid of merit as to be completely untenable." Nimrod v. State, 14 S.W.3d 103, 110 (Mo. App. W.D.
2000).

 10