CITY OF PERRYVILLE, Missouri, Respondent,

v.

Leroy J. BREWER, Appellant.

No. ED 97252.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 14, 2012.

Rehearing Denied Sept. 20, 2012.

Lance R. Drury, Law Office of Lance R. Drury, Ste. Genevieve, MO, for Appellant.

Mary Eftink Boner, Ludwig & Boner, L.C., Jackson, MO, for Respondent.

KURT S. ODENWALD, Judge.

## Introduction

Leroy Brewer ("Brewer") appeals from the trial court's judgment convicting Brewer of failure to abate a nuisance under City of Perryville ("City") Ordinance. The trial court found that Brewer kept an inoperable mobile home on his property and failed to remedy the condition after receiving notice that such violated City ordinance. On appeal, Brewer alleges multiple errors. Brewer's brief substantially fails to comply with the briefing requirements of Rule 84.04[1] such that Brewer has preserved nothing for appellate review. Accordingly, we dismiss Brewer's appeal.

## Factual and Procedural History

Viewing the evidence in the light most favorable to the verdict, the evidence presented at trial is as follows. On March 15, 2010, Joseph Martin ("Martin"), City's code enforcer, observed a 65–foot stripped down mobile home frame in public view on Brewer's property. Martin determined that the mobile home was inoperable and therefore a nuisance under City ordinance. On March 16, Martin mailed Brewer a certified letter notifying him that the mobile home constituted a code violation and demanding its removal within ten days. Brewer subsequently spoke directly with Martin and informed Martin that he had no intention of removing the mobile home. On March 25, Martin returned to Brewer's home and observed the mobile home in the same place on Brewer's property. Martin then issued Brewer a municipal citation. During a bench trial, Brewer asserted that the mobile home was actually a hay trailer, and therefore exempt from categorization as a public nuisance under Missouri law. In its judgment, the trial court stated: "In looking at [the mobile home], I don't think there's any stretch of the imagination that that's a hay wagon. It's clearly a mobile home frame. It's still got the old carpeting on it. And it's never been used as a hay wagon." The trial court subsequently entered a judgment convicting Brewer of failure to abate a nuisance under City ordinance. Brewer was ordered to pay a fine of $150.00, plus court costs. This appeal follows.

## Points on Appeal

Brewer presents multiple points on appeal. In his first point on appeal, Brewer contends that the trial court's judgment was in error because the ordinance under which Brewer was charged does not provide adequate notice and does not reference other City ordinances related to public nuisance. In his second point, Brewer argues that the trial court's judgment of conviction was in error because the relevant ordinance is overly broad and because City failed to produce evidence that the mobile home affected members of the public. In his final point on appeal, Brewer contends that the trial court's judgment is in error because his mobile home is actually a hay trailer and is statutorily exempt from classification as a public nuisance.

## Discussion

 It is well established that the Missouri Supreme Court rules governing appellate briefs are mandatory. *Duncan v. Duncan*, 320 S.W.3d 725, 726 (Mo.App. (2011).

---

1. All rule references are to Mo. R. Civ. P.

E.D.2010); Rule 84.04 ("The brief for appellant *shall* contain ...") (emphasis added). An appellant's failure to substantially comply with the rules governing the contents of an appellate brief preserves nothing for our review and is grounds for dismissing the appeal. *Duncan*, 320 S.W.3d at 726. Compliance with briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by inferring facts and arguments that the appellant failed to assert. *State ex rel. Nixon v. Koonce*, 168 S.W.3d 656 (Mo.App. W.D.2005). This Court may exercise its discretion to dismiss the appeal due to briefing errors where the deficiencies impede disposition of the merits of the appeal. *Bishop v. Metro Restoration Services, Inc.*, 209 S.W.3d 43, 48 (Mo.App. S.D.2006).

Rule 84.04(d)(1) states that in order to present an issue on appeal an appellant must:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in a summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Rule 84.04(d)(1).

After careful review, we find that Brewer has failed to substantially comply with Rule 84.04 as to each of his points on appeal. To determine whether Brewer is entitled to relief would require us to decipher his arguments, placing this Court in the untenable position of acting as Brewer's advocate. *See Clemens v. Eberenz Const. Co., Inc.*, 258 S.W.3d 458, 460 (Mo. App. E.D.2008).

■ In his first point on appeal, Brewer appears to contend that the trial court's judgment was in error because the ordinance under which he was cited fails to guarantee adequate notice and does not relate to City's other public nuisance ordinances. However, Brewer provides no authority, nor does he even generally invoke a body of law, supporting his claims that these errors provide a basis for this Court to reverse the judgment of the trial court as is required under Rule 84.04(d)(1)(A–C). This Court will not infer, or indeed create, the legal argument for Brewer's first point on appeal. *See Duncan*, 320 S.W.3d at 727; *Bishop*, 209 S.W.3d at 47 ("It is not the function of an appellate court to search the record to identify possible errors and research any issues so revealed.") (internal citation omitted).

■ Brewer's appellate brief also fails to indicate the proper standard of review for this issue as required under Rule 84.04(e) and does not argue whether, or how, he has preserved this issue on appeal. Brewer's brief does not comply with Rule 84.04(d)(5) in that it does not include a list of cases providing authority upon which he relies for his first point on appeal. *See* Rule 84.04(d)(5). To the extent that Brewer's argument on appeal can be viewed to raise the issue of constitutionally deficient notice, we note that Brewer does not assert whether that issue was raised before the trial court. We will decline to review any constitutional claim not asserted at the earliest opportunity and preserved at each step of the judicial process. *State v. Sumowski*, 794 S.W.2d 643, 647 (Mo. banc 1990). Brewer's numerous and significant errors in presenting this issue substantially impede our ability to determine the merits of the issues presented and consequently preserve nothing for our review. Point One is dismissed.

■ Brewer's second point on appeal is also deficient under Rule 84.04. In his second point, Brewer asserts the trial court's judgment was in error because City's ordinance is overly broad, and be-

cause City did not produce evidence that the trailer affected other members of the public. Brewer's argument that the ordinance is overly broad is insufficient under Rule 84.04. The point heading asserts that the ordinance in question is overly broad. However, Brewer fails to expand upon this assertion in the argument section of his brief. Arguments raised in a point heading but not addressed in the argument section of an appellant's brief are abandoned. *Roberson v. KMR Const., LLC,* 208 S.W.3d 320, 322 (Mo.App. E.D. 2006).

Brewer's argument that City failed to produce evidence that Brewer's mobile home disturbed the public is also procedurally deficient. Brewer presents a list of quotations from court opinions related to other cities' public nuisance laws, and then asserts that the City failed to meet its burden of proof. Under Rules 84.04(d)(1)(B–C), Brewer was required to explain why the facts of this case, applied to legal authority, compel the conclusion that the trial court committed reversible error. Rather, in the argument section of his brief, Brewer quotes the relevant ordinance, discusses the nature of public nuisances in general, and then concludes that the City failed to produce evidence that the mobile home created a disturbance to the public. Brewer does not address the evidence the City presented at trial, or even state the elements of City's prima facie case at trial. Brewer's lack of any analysis applying the facts of this case to existing legal precedent prevents a finding by this Court that the trial court committed reversible error. In violation of Rule 84.04(e), Brewer also does not indicate the appropriate standard of review. Point Two is dismissed.

■ Brewer's third point also preserves nothing for our review. In his third point on appeal, Brewer argues that Section 537.295, RSMo.2006 bars Brewer's mobile home from categorization as a public nuisance because the vehicle is actually a hay trailer. Brewer's third point on appeal rests on the proposition that state law bars the application of City's ordinance against Brewer under the facts of this case. However, Brewer fails to provide legal authority supportive of his argument other than the bare text of the Missouri statute. Brewer's brief fails to comply with Rule 84.04(d)(5) in that it does not include a list of cases providing authority upon which he relies for his final point on appeal. In violation of Rule 84.04(e), Brewer also fails to indicate the proper standard of review under which we should review this issue and does not assert whether he raised this issue before the trial court. Brewer does not address the trial court's factual finding that the mobile home was not a hay trailer; nor Martin's testimony or City's photographic evidence to that effect. Brewer has failed to assert the legal justification for this Court to find reversible error as is required under Rule 84.04(d)(1). Point Three is dismissed.

## Conclusion

Brewer's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for appellate review. The appeal is dismissed.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., Concur.