Cheung C. WONG, Appellant,

v.

James M. WONG, Respondent.

No. ED 98714.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 19, 2013.

Edgar E. Lim, St. Louis, MO, for appellant.

James M. Wong, Humble, TX, pro se.

PATRICIA L. COHEN, Judge.

### Introduction

Cheung C. Wong (Appellant) appeals the judgment of the Circuit Court of St. Louis County denying her motion to enforce a qualified domestic relations order. After Appellant filed her brief in this court, we issued an order stating that the brief failed to comply with Rule 84.04 because it did not include the following items: (1) table of cases and authorities; (2) jurisdictional statement; (3) fair and concise statement of relevant facts with citation to specific page references to the record on appeal; (4) points relied on; (5) arguments corresponding to the points relied on; and (6) appendix. This court granted Appellant seventeen days to file a brief complying with Rule 84. Appellant timely filed an amended brief. Respondent James M. Wong filed two motions, which were taken with the case, seeking dismissal of the appeal on the ground that Appellant's amended brief violated Rule 84.04. Because Appellant's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, we dismiss.

Rule 84.04 sets forth mandatory rules for appellate briefing. *City of Perryville v. Brewer*, 376 S.W.3d 691, 693 (Mo. App. E.D.2012). "Compliance with briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by inferring facts and arguments that the appellant failed to assert." *Id.* at 694. An appellant's failure to substantially comply with Rule 84.04 "preserves nothing for our review and is grounds for dismissing the appeal." *Id.* We may exercise our discretion to dismiss an appeal due to briefing errors "where the deficiencies impede disposition of the merits of the appeal." *Id.*

Appellant's statement of facts violates Rule 84.04. Rule 84.04(c) requires the statement of facts to "define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the case." *Johnson v. Buffalo Lodging Associates,* 300 S.W.3d 580, 581 (Mo.App. E.D.2009) (quotation omitted). Instead, Appellant's statement of facts contains argument. For example, Appellant alleges that "[l]itigation has continued over the years because of Appellee's steadfast refusal to honor [the trial court's] award of this annuity to Appellant," which is argumentative because the parties appear to dispute which party is entitled to the annuity. *See Rogers v. Hester ex rel. Mills,* 334 S.W.3d 528, 534 (Mo.App. S.D.2010). In addition, many of the assertions in Appellant's statement of facts lack "specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(c). These violations alone warrant dismissal of this appeal. *See Johnson,* 300 S.W.3d at 581.

Second, Appellant's sole point on appeal violates Rule 84.04. Each point relied on must: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). Appellant's point does not identify the action of the trial court that she is challenging. Appellant merely states that the trial court "had the authority and should have ordered Appellee to designate Appellant as the beneficiary of this survivor annuity." Appellant also fails to cite any legal reasons for her claim of reversible error or explain why such reasons would support her claim. *See Pointer v. State, Dept. of Soc. Services,* 258 S.W.3d 453, 455 (Mo.App. E.D.2008).

Third, Appellant does not comply with Rule 84.04's requirements for the argument portion of the brief. Appellant's argument fails to contain "a concise statement of the applicable standard of review for each claim of error." Rule 84.04(e); *see Pointer,* 258 S.W.3d at 455. Moreover, Appellant's factual assertions in the argument portion lack "specific page references to the relevant portion of the record on appeal." Rule 84.04(e). Appellant's argument consists of sixty-one numbered paragraphs but only four citations to the record. "If the court were to take the time on its own initiative to comb the record for support of factual assertions in a brief, we would, in effect, become an advocate for the non-complying party." *Rogers,* 334 S.W.3d at 535.

In addition, nearly all of the assertions in the argument portion are conclusory statements with no citations to legal authority, such as the following: "Since Appellee chose to designate his current wife over his ex-wife as the beneficiary of this annuity, this can only be considered an act of defiance of [the trial court's] orders." "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Martin v. Div. of Employment Sec.,* 384 S.W.3d 378, 384 (Mo.App. E.D. 2012). This court will not infer or create Appellant's legal argument. *See Brewer,* 376 S.W.3d at 694.

Finally, Appellant does not provide "[a] short conclusion stating the precise relief sought." Rule 84.04(a)(6). Appellant's brief lacks any mention of the specific action she is requesting from this court. *See Kehrer v. Corr. Med. Services,* 180 S.W.3d 9, 12 (Mo.App. E.D.2005). Determining whether Appellant is entitled to relief would require this court to comb the record for support for her factual asser-

tions, decipher her point on appeal, and locate legal authority for her argument, placing us in the untenable position of acting as Appellant's advocate. *See Duncan–Anderson v. Duncan,* 321 S.W.3d 498, 500 (Mo.App. E.D.2010). Therefore, we dismiss.

### Conclusion

The appeal is dismissed.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.