Cheung ROCKWELL, Appellant,

v.

James M. WONG, Respondent.

No. ED 100119.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 17, 2013.

Edgar E. Lim, Saint Louis, MO, for Appellant.

James M. Wong, Houston, TX, Respondent Acting Pro Se.

## *OPINION*

GLENN A. NORTON, Judge.

Cheung Rockwell appeals the judgment denying her petition to divide an asset not divided in her dissolution of marriage to James M. Wong and her motion for constructive trust. Wong filed two motions, taken with the case, to dismiss Rockwell's appeal arguing, in part, that Rockwell's appeal should be dismissed for failure to comply with Rule 84.04.[1] We agree that Rockwell's brief fails to comply with Rule 84.04 and therefore dismiss the appeal.

## I. DISCUSSION

The rules for appellate briefing set forth under Rule 84.04 are mandatory

---

1. All references to Rules are to Missouri Supreme Court Rules (2013).

and compliance is necessary "to ensure that appellate courts do not become advocates by inferring facts and arguments that the appellant failed to assert." *Wong v. Wong*, 391 S.W.3d 917, 918 (Mo.App. E.D.2013) (internal quotation omitted). Failure to substantially comply with Rule 84.04's requirements preserves nothing for review and is grounds for dismissing an appeal. *Id.*

■ Rockwell's brief contains multiple violations of Rule 84.04. First, Rockwell's statement of facts violates Rule 84.04(c). Pursuant to Rule 84.04(c), Rockwell was required to file "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Instead, Rockwell's statement of the facts contains argument. For example, Rockwell alleges that "the survivor annuity may *arguendo* be characterized as an asset not divided in the parties' dissolution action." (emphasis in original). Moreover, under Rule 84.04(c), "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal." Here, Rockwell's statement of facts contains nineteen separately numbered allegations. However, only twelve of those allegations include a citation to materials contained in the record on appeal.

Second, pursuant to Rule 84.04(e), Rockwell was required to include "a concise statement of the applicable standard of review for each claim of error." However, Rockwell's brief provided only the following statement under each point relied on:

> The appellate court's standard of review for this claim of error should be plain error and/or abuse of discretion as the record on appeal is replete with evidence supporting [Rockwell's] said claim.

Rockwell's statement amounts to nothing more than an allegation that the trial court generally erred. Rockwell cites no author-

ity and gives no principles of law governing our standard for reviewing her claims of error.

Third, Rule 84.04(h) states that "[a] party's brief shall contain or be accompanied by an appendix." Although Rockwell's brief cites to an appendix in this case, no appendix appears in the record.

Last, and most importantly, Rockwell's points on appeal and argument violate Rule 84.04(d)-(e) which require Rockwell to "state concisely the legal reasons" for her claim of error and "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." While Rockwell cites limited legal authority in support of her claims of error, she fails to explain how they support a claim of reversible error. Rockwell's argument is deficient because she does not explain how principles of law interact with the facts of the case. *Clemens v. Eberenz Constr. Co.*, 258 S.W.3d 458, 460 (Mo.App.E.D.2008). For example, under her fifth point on appeal, Rockwell claims "[t]he equity court erred in finding that the trial court below did not compel Wong to sign a QDRO regarding the survivor annuity." Although she cites some authority to support an argument that Missouri law does not require either party to sign a QDRO, Rockwell does not explain why the equity court's isolated finding, even if erroneous, requires reversal.

"[A]llegations of error ... not properly briefed shall not be considered in any civil appeal." Rule 84.13(a). A determination of whether Rockwell is entitled to relief would require us to comb the record for support of her claims and decipher her arguments on appeal, "placing us in the untenable position of acting as [Rockwell's] advocate." *Wong*, 391 S.W.3d at 920. We therefore dismiss Rockwell's appeal.[2]

## II. CONCLUSION

The appeal is dismissed.

ROY L. RICHTER, P.J. and CLIFFORD H. AHRENS, J., concur.

---

2. Rockwell has unsuccessfully pursued her claim for a survivor annuity in numerous proceedings covering a span of nearly twelve years. While we decline sanctions in this case, we note that day is fast approaching.