

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| SHARON E. STEELE, | ) | ED102653 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Joseph L. Walsh III |
| SCHNUCK MARKETS, INC., | ) | |
| | ) | |
| Respondent. | ) | FILED: April 12, 2016 |

Sharon E. Steele ("Appellant") appeals from the trial court's judgment following a jury trial assessing zero percent fault to either party after Appellant fell at a store operated by Schnuck Markets, Inc. ("Schnuck's"). The appeal is dismissed for failure to comply with Rule 84.04.

## I. Discussion

"The rules for appellate briefing set forth under Rule 84.04 are mandatory and compliance is necessary 'to ensure that appellate courts do not become advocates by inferring facts and arguments that the appellant failed to assert.'" Rockwell v. Wong, 415 S.W.3d 805, 805-06 (Mo. App. E.D. 2013) (quoting Wong v. Wong, 391 S.W.3d 917, 918 (Mo. App. E.D. 2013)). "Failure to substantially comply with Rule 84.04's requirements preserves nothing for review and is grounds for dismissing an appeal." Id.

Appellant's brief contains multiple violations of Rule 84.04. First, Appellant's argument section violates Rule 84.04(e). Appellant was required to "include a concise statement of the applicable standard of review for each claim of error." Rule 84.04(e). However, no standard of review is provided within the argument section for either of Appellant's Points Relied On.

"The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us." Waller v. Shippey, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008). "Failure to comply with the rules of appellate procedure constitutes grounds for dismissal." Snyder v. Snyder, 142 S.W.3d 780, 782 (Mo. App. E.D. 2004).

While omitting the standard of review is itself a deficiency worthy of dismissal, it is Appellant's complete failure to comply with Rule 84.04(d)-(e) which causes this appeal to require dismissal. Appellant is required by Rule 84.04(d)-(e) to "state concisely the legal reasons" for her claims of error and "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." However, Appellant cites absolutely no legal authority for her claims of error. Not a single case is cited in the entire brief. Appellant completely fails to show how the principles of law interact with the facts of the case as required. Rockwell, 415 S.W.3d at 806.

Multiple times in its brief, Schnuck's alludes to how it was "difficult to determine" what exactly Appellant was arguing, with Schnuck's constantly inferring and guessing as to what Appellant's legal claims actually were. This is unacceptable. "A determination of whether [Appellant] is entitled to relief would require us to comb the record for support of her claims and decipher her arguments on appeal, 'placing us in the untenable position of acting as [Appellant's] advocate.'" Id., quoting Wong, 391 S.W.3d at 920. We therefore dismiss Appellant's appeal.

## II. Conclusion

The appeal is dismissed.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs
Mary K. Hoff, J., concurs