Colleen Dolan, P.J.
Douglas Bruce ("Bruce") appeals the circuit court's grant of the City of Farmington's ("the City") motion to dismiss. We do not reach the merits of Bruce's appeal because we dismiss for failure to comply with Rule 84.04.[1]
*66 I. Discussion
Rule 84.04 establishes various requirements for appellate briefs; compliance with these requirements "is necessary 'to ensure that appellate courts do not become advocates by inferring facts and arguments that the appellant failed to assert.' " Steele v. Schnuck Markets, Inc., 485 S.W.3d 823, 824 (Mo.App.E.D. 2016) (quoting Rockwell v. Wong, 415 S.W.3d 805, 805-06 (Mo.App.E.D. 2013) ). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review and is grounds for dismissing the appeal.' " Wong v. Wong, 391 S.W.3d 917, 918 (Mo.App.E.D. 2013) (quoting City of Perryville v. Brewer, 376 S.W.3d 691, 694 (Mo.App.E.D. 2012) ).
Pro se appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules set forth by Rule 84.04. Scott v. Potter Elec. Signal Co., 310 S.W.3d 311, 312 (Mo.App.E.D. 2010). In order to maintain and uphold judicial impartiality, judicial economy, and fairness to all parties, this Court may not grant pro se appellants preferential treatment in regards to their compliance with procedural rules. Davis v. Long, 391 S.W.3d 532, 532 (Mo.App.E.D. 2013). Requiring all litigants to comply with procedural rules, such as Rule 84.04, ensures that courts avoid acting as advocates for any party. Porter v. Div. of Employment Sec., 310 S.W.3d 295, 296 (Mo.App.E.D. 2010).
In the present case, we dismiss Bruce's appeal because his amended appellant's brief ("Amended Brief") does not substantially comply with Rule 84.04. After Bruce filed his initial appellant's brief, this Court issued an order explaining that his brief did not comply with Rule 84.04 and granted him additional time to file an amended brief that did comply. Even though we issued our order explaining in detail how his original brief was non-compliant with Rule 84.04, Bruce has failed to file a sufficient brief correcting those deficiencies. Specifically, Bruce's Amended Brief does not contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument," as is required by Rule 84.04(c), and presents no legal arguments for reversal and contains no citations to legal authorities (besides general references to the U.S. Constitution), as are required by Rule 84.04(e).
Bruce's Amended Brief contains a "Statement of Facts" section, but that section consists solely of one paragraph and provides only a very limited procedural background of the case. Notably, the Amended Brief is missing any and all explanation of the facts leading to Bruce's filing of his petition. In his "Argument" section, Bruce attempts to direct us to parts of the legal file that contain the facts of this case, stating that the "complaint and its exhibits recite the facts of this travesty" and that the "[a]nswer is also a good summary of the facts and legal issues ..." The "statement of facts" in Bruce's Amended Brief falls woefully short of what Rule 84.04(c) specifically requires: a statement of the facts that "define[s] the scope of the controversy." Wong, 391 S.W.3d at 919 ; Rule 84.04(c). Bruce fails to actually detail even the basic circumstances of this case anywhere in his Amended Brief, including in the "Statement of Facts" section where a fair and concise statement of the relevant facts should be. The absence of a factual explanation, such as when Bruce received notice that the house on the property was to be demolished, what actions, if any, Bruce took upon receipt of the notice, or any detail of the City's administrative decision to demolish the house, make it difficult, if not impossible, for this Court to effectively analyze Bruce's claims on appeal.
*67 As Bruce's Amended Brief fails to supply a necessary factual background, it does not fulfill the primary purpose of Rule 84.04(c): to provide us "an immediate, accurate, complete and unbiased understanding of the facts of the case." Green v. Shiverdecker, 514 S.W.3d 41, 43 (Mo.App.W.D. 2017). Failure to provide a fair and concise statement of the facts that complies with Rule 84.04(c) alone is a basis for an appeal to be dismissed. Duncan-Anderson v. Duncan, 321 S.W.3d 498, 499 (Mo.App.E.D. 2010).
Bruce's Amended Brief also fails to comply with Rule 84.04(e), as it is lacking any legal argument supporting reversal and any legal precedent supporting Bruce's claim that his constitutional rights were violated. An "[a]ppellant's argument should demonstrate how principles of law and the facts of the case interact." Scott, 310 S.W.3d at 312. In the "Argument" section of Bruce's Amended Brief, Bruce states that his Fourth, Fifth, and Eighth Amendment constitutional rights were violated, but does not offer legal arguments or provide any legal authority to support his claim. Rather, Bruce largely makes general statements that his rights were violated without asserting how legal precedent specifically applies to the facts of his case. For example, Bruce states that the City's "grounds [for dismissal] were frivolous" and that the trial court "engaged in gross misconduct," but does not offer any legal arguments or precedent to support these contentions, nor even substantively explain why these statements are true. As the Amended Brief presents no legal arguments for reversal, is completely devoid of any reference to a legal authority other than the U.S. Constitution, and does not develop Bruce's point on appeal beyond conclusory statements, it does not comply with Rule 84.04(e). See Duncan v. Duncan, 320 S.W.3d 725, 727 (Mo.App.E.D. 2010) (stating "[i]f a party does not support her arguments with relevant authority or present arguments beyond conclusory statements, the point is deemed abandoned").
As a result of Bruce's failure to comply with the mandatory appellate briefing standards of Rule 84.04, we are unable to ascertain the relevant facts of this case or what Bruce is actually claiming. We do not dismiss because we lack jurisdiction to hear the appeal, as the City argues. We dismiss Bruce's appeal because of his failure to file an appellant's brief that complies with Rule 84.04-even after this Court issued a detailed order explaining how his initial brief was non-compliant. Bruce's failure to comply with Rule 84.04 is so substantial that any review this Court would conduct would require us to speculate about the facts and the arguments that he is attempting to advance in his brief, and would place us in the untenable position of acting as Bruce's advocate. See Steele, 485 S.W.3d at 824.
II. Conclusion
Because Bruce's Amended Brief does not substantially comply with Rule 84.04, nothing is preserved for our review. See Wong, 391 S.W.3d at 918. The appeal is dismissed.
Mary K. Hoff, J., concurs.
Lisa S. Van Amburg, J., concurs.

All references are to Missouri Supreme Court Rules (2017).