

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| TERENCE E. PORTER, JR., | ) | ED107161 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 17SL-CC00088 |
| | ) | |
| SANTANDER CONSUMER USA, INC., | ) | Honorable Joseph L. Walsh |
| | ) | |
| Respondent. | ) | Filed: September 24, 2019 |

## OPINION

Terence E. Porter, Jr. ("Porter") appeals the trial court's judgment entered in favor of

Santander Consumer USA, Inc. ("Santander") after a bench trial. Porter raises six points on

appeal. Porter's appeal substantially fails to comply with the mandatory requirements of

Missouri Supreme Court Rule 84.04; therefore, it preserves nothing for our review. We dismiss

his appeal.[1]

## DISCUSSION

Rule 84.04 sets forth the requirement for appellate briefs and compliance with these

requirements "is mandatory in order to ensure that appellate courts do not become advocates by

---

[1] All references to Rules are to Missouri Supreme Court Rules (2016).

speculating on facts and on arguments that have not been made." *Tatum v. Tatum*, 577 S.W.3d 146, 149 (Mo. E.D. App. 2019).  Porter appeals *pro se*.

Our court holds *pro se* appellants to the same standards as attorneys; accordingly, *pro se* litigants are "subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Duncan-Anderson v. Duncan*, 321 S.W.3d 498, 499 (Mo. App. E.D. 2010); *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 604 (Mo. App. W.D. 2008).  A *pro se* appellant is not granted preferential treatment in regard to their compliance with procedural briefing rules; this is not for lack of sympathy, but rather is "necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." *Bruce v. City of Farmington*, 551 S.W.3d 65, 66 (Mo. App. E.D. 2018); *Elkins v. Elkins*, 257 S.W.3d 617, 618 (Mo. App. E.D. 2008).  Our court has the discretion to review non-compliant briefs *ex gratia* where the argument is readily understandable.  *Brown v. Brown*, 530 S.W.3d 35, 40–41 (Mo. App. E.D. 2017).  However, if the deficiencies in the brief are such that no claims are preserved for appellate review, we must dismiss the appeal.  *McGuire v. Edwards*, 571 S.W.3d 661, 666 (Mo. App. E.D. 2019).

Porter's appellate brief violates Rule 84.04 in multiple respects, such that to address the merits of this appeal, this court would assume the role of Porter's advocate by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on his behalf.  *Kim v. Won II Kim*, 443 S.W.3d 29, 31 (Mo. App. W.D. 2014).

First, Porter's appellate brief fails to "include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Rule 84.04(e).  The standard of review is essential to all appellate arguments, as it

outlines this court's role in disposing of the matter before it. *Steele v. Schnuck Markets, Inc.,* 485 S.W.3d 823, 824 (Mo. App. E.D. 2016). It is not this court's duty to supplement a deficient brief with its own research, to comb the record in search of facts to support an appellant's claim of error, or demonstrate it is properly preserved for appellate review. *Carruthers v. Serenity Mem'l Funeral & Cremation Serv., LLC*, 576 S.W.3d 301, 305 (Mo. App. E.D. 2019).

Second, Rule 84.04 (c) requires an appellant's brief contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Porter fails to detail even the basic circumstances necessary to resolve the claims he attempts to raise in his appeal. He only provides a paragraph regarding the evidence presented at trial and does not include "specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits . . . ." as required by Rule 84.04(c).

Third, Porter's "Points Relied On" fail to comply with Rule 84.04 (d)(1) because not a single one gives notice to the opposing party or this court of the precise issues presented for review. *Hamilton v. Archer*, 545 S.W.3d 377, 380 (Mo. App. E.D. 2018). It is improper for this court "to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Wallace v. Frazier*, 546 S.W.3d 624, 628 (Mo. App. W.D. 2018).

Finally, Porter's brief violates Rule 84.04(e) because his arguments are so inadequate we can only speculate as to what his claims are on appeal. *See Wallace*, 546 S.W.3d at 628 (finding that an appellant's brief must contain an argument section that discusses the point relied on, and points that are not developed in the argument are deemed to be abandoned). His argument for each point relied includes only a short paragraph that either provides an abstract statement of law, a rendition of evidence presented, or a small caption of the transcript of the record. The

substance of each of his arguments fails to demonstrate how principles of law and the facts of this case interact. *Scott v. Potter Elec. Signal Co.*, 310 S.W.3d 311, 312 (Mo. App. E.D. 2010). Our court will not speculate as to the parameters of Porter's arguments on appeal because doing so would improperly cast the court in the role of his advocate. *McGuire*, 571 S.W.3d at 666. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Wallace*, 546 S.W.3d at 628 (quoting *Nicol*, 491 S.W.3d at 271).

Therefore, we exercise our discretion to dismiss Porter's appeal because his failure to follow the briefing guidelines impedes our ability to address the merits of his claims.

## CONCLUSION

Porter's appellate brief fails to substantially comply with the mandatory appellate briefing standards of Rule 84.04 and preserves nothing for appellate review. Thus, his appeal is dismissed.

_____
Lisa P. Page, Judge


Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.

4