

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| BERNADETTE B. INDELICATO, | ) | No. ED110121 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | |
| | ) | |
| MCBRIDE & SON MANAGEMENT CO., | ) | |
| LLC, AND DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed:  May 24, 2022 |

Bernadette B. Indelicato (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying her unemployment benefits.  We dismiss the appeal due to Claimant's noncompliance with briefing requirements.

Claimant filed her brief *pro se*.  The Division of Employment Security (DES) filed a responsive brief and a Motion to Dismiss for Failure to Comply with Rule 84.04,[1] arguing Claimant's brief violates Rule 84.04 in multiple respects and does not preserve any error for this Court to review.  Claimant did not respond to the motion.  The motion was taken with the case.[2]

Rule 84.04 sets forth appellate briefing requirements.  *Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019).  "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review and is grounds for dismissing the appeal.'"  *Id.* (quoting

---

[1] All rule references are to the Missouri Supreme Court Rules (2020).
[2] Claimant subsequently filed a reply brief out of time.  DES filed an additional motion to dismiss the reply brief, which was also taken with the case.  We grant both of DES' motions to dismiss.

*Wong v. Wong*, 391 S.W.3d 917, 918 (Mo. App. E.D. 2013)). Parties appearing *pro se*, such as Claimant here, are "subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Id.*

Claimant's brief does not comply with Rule 84.04 in multiple respects. First, Claimant violates Rule 84.04(c), which requires that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Claimant's statement of facts does not include specific references to any portion of the record on appeal. "A violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal." *Washington v. Blackburn*, 286 S.W.3d 818, 820 (Mo. App. E.D. 2009).

Second, Claimant violates Rule 84.04(d)(5), which requires that "[i]mmediately following each 'Point Relied On,' the appellant, relator, or petitioner shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Claimant failed to include a list of cases upon which her points rely. "A point relied on that fails to comply with Rule 84.04(d) preserves nothing for appeal." *Blackburn*, 286 S.W.3d at 821.

Third and most importantly, Claimant violates Rule 84.04(e), which requires an appellant to "explain why, in the context of the case, the law supports the claim of reversible error by showing how the principles of law and the facts of the case interact." *Burgan v. Newman*, 618 S.W.3d 712, 715 (Mo. App. E.D. 2021). Bare conclusions that lack any legal analysis or supporting rationale preserve nothing for review. *Id.* Claimant's first point on appeal asserts the Commission improperly imposed upon her the burden to show she did not commit misconduct in connection with her employment. Yet Claimant does not cite to the record where this occurred or explain how the Commission imposed such a burden.

Claimant's second point on appeal asserts the Commission's decision was not based on competent or substantial evidence in that the employer did not meet its burden to prove it

discharged Claimant for misconduct connected to the work or employer. Again, Claimant does not cite to the record to show what evidence the Commission relied upon in finding the employer met its burden, much less demonstrate how that evidence was insufficient to support such a finding.

In her argument on both points, Claimant repeats verbatim the same block quotes and legal rules, and entirely fails to provide relevant facts or show how the law should be applied to those facts. Claimant does not even describe the factual situation constituting the misconduct she challenges and instead relies on conclusory statements that the employer cannot show misconduct. Such bare conclusions do not satisfy Rule 84.04(e). *Burgan*, 618 S.W.3d at 715.

We have reviewed noncompliant briefs *ex gratia* where the appellant's argument is readily understandable. *Hoover*, 581 S.W.3d at 641. However, here we cannot discern Claimant's arguments. As a result of the deficiencies discussed above, we could review Claimant's points only by combing the record for support for her factual assertions, deciphering her arguments on appeal, and locating legal authority for those arguments. *See id.* In doing so, we would become Claimant's advocate, which we cannot do. *Id.*

## CONCLUSION

The appeal is dismissed.

_____
Lisa P. Page, Judge

Michael E. Gardner, P.J. and
James M. Dowd, J., concur.

3