

## MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| R.M., | ) | |
| | ) | |
| Respondent, | ) | WD85539 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| TRE L. KING, | ) | June 27, 2023 |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Jessica Marie Agnelly, Judge**

**Before Division Three: Janet Sutton, Presiding Judge,**
**Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge**

Tre King (King) appeals *pro se* from the Jackson County Circuit Court's (the court) judgment granting a full order of protection against him pursuant to the Missouri Adult Abuse Act.[1] King's initial brief was struck for failure to comply with Rule 84.04. King's amended brief also fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and we therefore dismiss it.

---

[1] Section 455.010, et seq. All statutory references are to RSMo 2016 as supplemented.

**Factual and Procedural Background[2]**

On February 9, 2022, R.M.[3] filed a petition for an *ex-parte* order of protection against King. In her petition, R.M. alleged that King "placed or attempted to place [her] in apprehension of immediate physical harm," "stalked [her]," "harassed [her]," and "followed [her] from place to place." The court issued an *ex parte* order of protection on February 10, 2022.

After several continuances, and issuances of amended *ex parte* orders of protection, the court held a hearing on a full order of protection on July 8, 2022. R.M. and King both appeared with their respective attorneys. R.M. testified that she was tagged in social media posts from King and received messages from him on King's Facebook account in December 2021 stating that he loved her, that he had waited many years to be with her, and that King's messages changed in tone after R.M. told King she was not interested in him. R.M. testified, and the court received exhibits establishing, that in December 2021 and early January 2022, King frequently posted R.M.'s name, phone number, address, and her picture on his social media accounts, and posted many threatening communications directed at R.M.

At the conclusion of the hearing, the court entered a full order of protection for one year that would automatically renew for another year, making the order of protection effective until July 7, 2024.

King appeals.

---

[2] We view the facts and reasonable inferences drawn therefrom in the light most favorable to the judgment. *G.E.G. v. Gauret*, 620 S.W.3d 676, 677 n.2 (Mo. App. W.D. 2021).

[3] We refer to the individual, who sought the order of protection by her initials. *See* section 595.226.1. This individual, R.M., has not provided this Court with a brief.

**Discussion**

Rule 84.04[4] sets forth the requirements for appellate briefing, and compliance with those requirements is mandatory for all appellants to guarantee that appellate courts do not become "advocates by speculating on facts and on arguments that have not been made." *Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019) (citation omitted). In summary, all appellate briefs must include: (1) a detailed table of contents; (2) a jurisdictional statement; (3) a statement of facts; (4) the points relied on; (5) an argument; and (6) a short conclusion stating the precise relief sought. Rule 84.04(a)(1)–(6). We prefer to decide an appeal on the merits where the disposition is not hampered by rule violations and we can readily understand the argument. *Freeland v. Div. of Emp. Sec.*, 647 S.W.3d 22, 24 (Mo. App. W.D. 2022). However, when a brief contains such deficiencies that "affect our ability to understand and adequately address the claims of error, the brief preserves nothing for review." *Id.* (citation omitted). The failure to substantially comply with Rule 84.04's requirements preserves nothing for our review and is grounds for dismissing the appeal. *Aydin v. Boles*, 658 S.W.3d 223, 226 (Mo. App. W.D. 2022).

Although King appears *pro se*, he is held to the same standard as attorneys and he is subject to Rule 84.04's mandatory appellate briefing requirements. *Id.*; *Hoover*, 581 S.W.3d at 640. "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant *pro se* litigants preferential treatment with regard to their compliance with those procedural rules." *Deere v. Deere*, 627 S.W.3d 604, 607 (Mo. App. W.D. 2021) (citations omitted).

We struck King's initial brief for multiple specific violations of Rule 84.04. King filed an amended brief, but that brief also violates Rule 84.04 in several respects, such that we cannot

---

[4] All Rule references are to the Missouri Supreme Court Rules (2022) unless otherwise noted.

address the merits of this appeal without speculating about the nature of his claims and assuming the role of his advocate, which we cannot do.

**Statement of Facts—Rule 84.04(c)**

King's statement of facts fails to contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Rule 84.04(c) requires a statement of facts and provides, "*All statement of facts* shall have *specific* page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." (Emphasis added). "For every individual statement of fact, a specific page reference is required." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 508 (Mo. banc 2022).

While King provides facts, he only has infrequent citations to his "index" and docket sheets, his statement of facts is argumentative, and it fails to provide our Court "an immediate, accurate, complete and unbiased understanding of the facts of the case." *See Aydin*, 658 S.W.3d at 226 (citation omitted). (*See* AppBR pg. 2-4). These deficiencies fail to preserve King's claims for appellate review. *See Hoover*, 581 S.W.3d at 640 (concluding that an appellant's statement of facts that was not fair and concise and only had sporadic references to the legal file and transcript failed to preserve appellant's claims for appellate review). "A violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal." *Gan v. Schrock*, 652 S.W.3d 703, 708 (Mo. App. W.D. 2022) (quoting *Washington v. Blackburn*, 286 S.W.3d 818, 820 (Mo. App. E.D. 2009)).

**Points Relied On—Rule 84.04(d)**

All of King's points fail to comply with Rule 84.04(d). The points do not contain the information required by Rule 84.04(d)(1) or substantially follow the form the rule prescribes. Where, as here, an appellate court is asked to review the decision of a trial court, points "shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Hiner v. Hiner*, 573 S.W.3d 732, 735 (Mo. App. W.D. 2019) (quoting Rule 84.04(d)(1)). "A point relied on which does not state 'wherein and why' the trial court . . . erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Lexow*, 643 S.W.3d at 505 (citation omitted). "When an appellant makes the entire judgment one error and then lists multiple grounds therefore, the point contains multiple legal issues in violation of Rule 84.04(d)." *Hoover*, 581 S.W.3d at 640 (citation omitted).

Although King's first and third points arguably identify the trial court ruling that he challenges—that the court erred in granting the *ex parte* order of protection and in granting the "order of protection," respectively, the points fail to comply with Rule 84.04(d)(1)(B)-(C) by failing to set forth a coherent explanation of the legal reasons for his claims, and by failing to explain why, in the context of the case, such legal reasons support his claims. *See* Rule 84.04(d)(1)(B)-(C); *Hiner*, 573 S.W.3d at 735-36.

King's third point claims, in part and as best as we can decipher, that there was not substantial evidence to "support stalking," because the exhibits presented at the hearing did not prove that King stalked R.M. Rule 81.12(a) provides: "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be

presented, by either appellant or respondent, to the appellate court for decision. . . . " In addition to not specifically identifying which exhibits he takes issue with, King failed to file or deposit any of the original trial exhibits with this Court as required by Rule 81.16.[5] "If an appellant fails to provide this [C]ourt with a record containing everything necessary to determine all questions presented to this [C]ourt, the appeal must be dismissed." *In re Marriage of Weinshenker*, 177 S.W.3d 859, 862 (Mo. App. E.D. 2005) (citation omitted).

King's fourth point does not identify a trial court ruling or action, instead asserting in a point spanning approximately one page, that his attorney was ineffective, and then lists various reasons why he believes so.

> Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended.

*Bey v. Precythe*, 611 S.W.3d 599, 604 (Mo. App. W.D. 2020) (citation omitted). *See also Lexow*, 643 S.W.3d at 505. For all of the above reasons, King's four points relied on fail to comply with Rule 84.04(d)(1) and preserve nothing for our review.

**Argument–Rule 84.04(e)**

In addition, the arguments under each point fail to comply with Rule 84.04(e), and equally preserve nothing for our review. Rule 84.04(e) provides that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." None of King's arguments contain an accurate statement describing how, or whether, the respective

---

[5] Rule 81.16 requires, in part, that "original exhibits" "necessary to the determination of any point relied on" "shall be deposited" with this Court by the appellant.

error was preserved for review. Instead, King asserts under his "Preservation Statement" sections that there was never a relationship between R.M. and King, that he was not related to R.M., and that he did not reside with R.M., and that he "opposed the exhibits" at the hearing.

Next, King fails to include the correct standard of review for each claim of error, as required by Rule 84.04(e). The standard of review is "essential to all appellate arguments as it outlines this [C]ourt's role in disposing of the matter before it." *Estate of Allen*, 615 S.W.3d 851, 854-55 (Mo. App. E.D. 2020). "While it would be easy enough for this [C]ourt to determine the applicable standard of review, it is not our duty to supplement the deficient brief with our own research." *Id.* (quoting *Waller v. Shippey*, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008)).

Moreover, many of King's factual assertions in the argument portion lack "specific page references to the relevant portion of the record on appeal." Rule 84.04(e). "If the [C]ourt were to take the time on its own initiative to comb the record for support of factual assertions in a brief, we would, in effect, become an advocate for the non-complying party." *Wong v. Wong*, 391 S.W.3d 917, 919 (Mo. App. E.D. 2013) (citation omitted). We cannot do this.

Finally, each argument section is analytically insufficient. "An argument must explain why, in the context of the case, the law supports the claim of reversible error." *Hoover*, 581 S.W.3d at 641 (citation omitted). It should advise the appellate court how principles of law and the facts of the case interact. *Id.* King's argument does not. Most of the assertions in the argument portion of King's brief are conclusory statements with no citations to legal authority. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Wong*, 391 S.W.3d at 919 (citation omitted). We will not infer or create King's legal argument for him. *See id.*

7

The argument section of King's brief is so defective it requires us to hypothesize about King's arguments and precedential support for those arguments, and, as a result, we cannot reach the merits of his appeal. *See Aydin*, 658 S.W.3d at 227.

"An argument that fails to comply with Rule 84.04(e) preserves nothing for appeal." *Washington*, 286 S.W.3d at 822. Occasionally, we will "review non-compliant briefs of *pro se* appellants *ex gratia*." *Aydin*, 658 S.W.3d at 227. "[W]e do so only 'where the argument is readily understandable.'" *Id.* (quoting *Nichols v. Div. of Emp't Sec.*, 399 S.W.3d 901, 904 (Mo. App. W.D. 2013). That is not the case here.

To determine if King is entitled to relief, we would have "to comb the record for support for [his] factual assertions, decipher [his] point[s] on appeal, and locate legal authority for [his] argument[s]." *Id.* (citation omitted). In other words, we would have to act as King's advocate, which we cannot do. King's failure to substantially comply with Rule 84.04 precludes our ability to address the merits of his claims and preserves nothing for our review.

**Conclusion**

The appeal is dismissed.

_____
Janet Sutton, Presiding Judge

Cynthia L. Martin and Edward R. Ardini, Jr., Judges concur.