

# In the Missouri Court of Appeals
## Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| MONICA JACKSON, | ) | No. ED111565 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Krista S. Peyton |
| ANNIE SYKES, | ) | |
| | ) | |
| Respondent. | ) | FILED: March 19, 2024 |

Monica Jackson appeals the trial court's judgment in favor of Annie Sykes. Because Jackson's failure to comply with the appellate briefing requirements of Rule 84.04[1] preserves nothing for our review, we dismiss the appeal.

## Factual and Procedural Background

Jackson filed a petition against Sykes in small claims court seeking the return of a security deposit under a lease agreement. After the court ruled in favor of Sykes, Jackson requested a trial de novo. The trial court found in favor of Sykes at the trial de novo, and Jackson now appeals the judgment pro se.

## Discussion

Rule 84.04 sets forth the requirements for briefs filed with appellate courts, and compliance with these requirements is mandatory. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc

---

[1] All rule references are to the Missouri Supreme Court Rules (2023).

2022). All appellants, including those acting pro se, must adhere to the rules of appellate briefing for this Court to review an appeal. *Mecey v. Harps Food Stores, Inc.*, 661 S.W.3d 14, 16 (Mo. App. E.D. 2023). "This is not for hyper-technical reasons or to arbitrarily burden the parties." *Id.* Rather, it is necessary "[i]n the interest of judicial impartiality, judicial economy and fairness to all parties." *Murphy v. Steiner*, 658 S.W.3d 588, 592 (Mo. App. W.D. 2022). Requiring all parties "to comply with procedural rules, such as Rule 84.04, ensures that courts avoid acting as advocates for any party." *Bruce v. City of Farmington*, 551 S.W.3d 65, 66 (Mo. App. E.D. 2018). Therefore, "[a]lthough we are mindful of the difficulties that a party appearing pro se encounters in complying with the rules of procedure, . . . [w]e must not grant a pro se appellant preferential treatment." *State v. Unganisha*, 253 S.W.3d 108, 109 (Mo. App. W.D. 2008) (internal quotation marks and citation omitted).

While we prefer to decide cases on the merits when possible, "if the brief is so deficient that we cannot competently rule on the merits without first reconstructing the facts and supplementing the appellant's legal arguments, then nothing is preserved for review and we must dismiss the appeal." *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018). Here, Jackson's amended brief fails to comply with Rule 84.04 in several respects, such that we cannot reach the merits of her appeal without acting as her advocate by searching the record for the relevant facts of the case and developing a legal argument on her behalf. *See Porter v. Santander Consumer USA, Inc.*, 590 S.W.3d 356, 357-58 (Mo. App. E.D. 2019).

First, Jackson's statement of facts fails to comply with Rule 84.04(c), which requires a brief to include "a fair and concise statement of the facts relevant to the questions presented for determination without argument" and "specific page references to the relevant portion of the record on appeal." These requirements are crucial because "[t]he primary purpose of the statement of

2

facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Murphy*, 658 S.W.3d at 593 (internal quotation marks and citations omitted). Here, Jackson's statement of facts is replete with argument, including allegations of unfair treatment by the trial court. It also contains inadequate references to the record to support its assertions. Indeed, the first half of Jackson's statement of facts is nearly devoid of citations to the record. Citations for each factual statement are "mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions stated in the brief are supported by the record." *Adams v. Div. of Emp. Sec.*, 459 S.W.3d 918, 920 (Mo. App. W.D. 2015). "Failure to conform the statement of facts to the requirements of Rule 84.04(c) constitutes grounds for dismissal." *McNeese v. Wheeler*, 677 S.W.3d 907, 910-11 (Mo. App. W.D. 2023).

Second, Jackson's points relied on fail to comply with Rule 84.04(d) because they are multifarious. Rule 84.04(d) "requires each distinct claim of error to be raised in a separate point." *Walker v. A1 Solar Source Inc.*, 658 S.W.3d 529, 540 (Mo. App. W.D. 2022). Points relied on are necessary "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Progressive Cas. Ins. Co. v. Moore*, 662 S.W.3d 168, 172 (Mo. App. E.D. 2023). Thus, multifarious points—those that contain multiple, independent claims—are noncompliant with Rule 84.04. *Surgery Ctr. Partners, LLC v. Mondelez Int'l, Inc.*, 647 S.W.3d 38, 43 (Mo. App. E.D. 2022). Here, Jackson's Point I asserts that the trial court's decision was both "contrary to law" and "exceeded [the trial court's] authority," thus impermissibly grouping together multiple, independent claims of error. Likewise, Jackson's Point II avers that the trial court "abused its discretion" and that its decision was "not

3

base[d] on competent or substantial evidence." These multifarious points leave nothing for our review. *See T.G. v. D.W.H.*, 648 S.W.3d 42, 49 (Mo. App. E.D. 2022).

Finally, the argument sections of Jackson's brief are deficient. Rule 84.04(e) requires the argument to include a recitation of the applicable standard of review. Providing the appropriate standard of review is an essential portion of an appellant's argument, as it outlines this Court's "role in disposing of the matter before us." *Steele v. Schnuck Markets, Inc.*, 485 S.W.3d 823, 824 (Mo. App. E.D. 2016) (internal quotation marks and citation omitted). In appeals from court-tried cases, the appropriate standard of review is the one articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *See Ebert v. Ebert*, 627 S.W.3d 571, 580 (Mo. App. E.D. 2021). We will affirm a trial court's judgment in a court-tried case unless it is unsupported by substantial evidence, is against the weight of the evidence or erroneously declares or misapplies the law. *Id.*

Jackson fails to specify the standard of review for her claims of error and instead references a litany of options, including "abuse[] of discretion," "de novo," and "weight of the evidence," among others. Jackson also misidentifies the applicable standard of review in the argument sections of both points on appeal, incorrectly citing to section 536.140, RSMo (Cum. Supp. 2021), which provides the standard of review for administrative appeals from agency decisions. *See Hallam v. Mo. Dep't of Soc. Servs.*, 564 S.W.3d 703, 706 (Mo. App. W.D. 2018). An appellant's failure to comply with Rule 84.04(e) by including the applicable standard of review "is grounds for dismissal." *Jefferson v. Mo. Dep't of Soc. Servs.*, 648 S.W.3d 50, 54 (Mo. App. E.D. 2022).

The argument sections of Jackson's brief also violate Rule 84.04(e) by failing to "explain why, in the context of the case, the law supports the claim of reversible error by showing how principles of law and the facts of the case interact." *Midtown Home Improvements, Inc. v. Taylor*, 578 S.W.3d 793, 797 (Mo. App. E.D. 2019) (internal quotation marks and citation omitted). "An

appellant must cite legal authority to support [the] points relied upon if the point is one in which precedent is appropriate or available; if no authority is available, an explanation should be made for the absence of citations." *Id.* (internal quotation marks and citation omitted). Jackson's brief fails to meet this standard. For example, in Point I, Jackson seems to argue that the trial court should have placed the burden on Sykes to prove that Jackson damaged the rental property, but instead required Jackson to prove that she did not. But Jackson fails to cite to any legal authority to support this assertion. And the cases Jackson does cite are inapplicable to the legal conclusions proposed. Jackson "essentially invites this Court to craft an argument on [her] behalf and conduct our own research; however, by doing so, we would impermissibly become [her] advocate." *Burgan v. Newman*, 618 S.W.3d 712, 716 (Mo. App. E.D. 2021); *see also Hamilton v. Archer*, 545 S.W.3d 377, 381 (Mo. App. E.D. 2018) (noting that "this Court must carefully safeguard its role as a neutral adjudicator"). "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Wong v. Wong*, 391 S.W.3d 917, 919 (Mo. App. E.D. 2013) (internal quotation marks and citation omitted).

### Conclusion

Jackson's failure to comply with Rule 84.04 precludes our ability to address the merits of her claims and preserves nothing for our review. The appeal is dismissed.

_____
MICHAEL E. GARDNER, Judge

Kurt S. Odenwald, P.J., concurs.
Renée D. Hardin-Tammons, J., concurs.

5