

# Missouri Court of Appeals
## Southern District

### In Division

In Re:  The Matter of:  )
O.S.M., a minor, by Next Friend N.T.M.  )
and N.T.M., Individually,  )
   )
      Plaintiff-Appellant,  )
   )
v.  )
   )
C.N.M.,  )
   )
      Defendant-Respondent.  )
   )   Nos. SD38078 and SD38079
   )      (consolidated)
   )
   )   **Filed:  April 30, 2024**
In Re:  The Matter of:  )
N.S.M., a minor, by Next Friend C.N.M.  )
and C.N.M., Individually,  )
   )
      Plaintiff-Respondent,  )
   )
v.  )
   )
N.T.M.,  )
   )
      Defendant-Appellant.  )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Kaitlin S. Greenwade

**APPEAL DISMISSED**

N.T.M. ("Father") raises two points on appeal that challenge the custody and support provisions in a paternity judgment ("the judgment") regarding O.S.M. and N.S.M. (collectively, "the Children"), the natural children of Father and C.N.M. ("Mother"). Father's first point claims the circuit court erred as a matter of law in awarding Father insufficient overnight parenting time in light of the court having awarded the parties joint physical custody of the Children. Father's second point claims the circuit court's child support award is erroneous as a matter of law because minimum wage was not imputed to Mother in the circuit court's Form 14 calculation.

Because Father failed to present either of these specific claims of error to the circuit court, Father has failed to preserve them for appellate review, and we dismiss the appeal.[1]

**Analysis**

Because Father's points fail for the same reason, we address them together. Point 1 claims:

> The trial court erred in entering the physical custody schedule set forth in its Parenting Plan because the time allotted to Father violates Section 452.375.1 and .4 RSMo, in that the trial court allotted to Father only 2 overnights every two weeks, and a total of 79 overnights for the full calendar year, an amount deemed by the court of appeals, in *Morgan v. Morgan*, as not "significant" as a matter of law and as required for an award of joint physical custody.

Point 2 claims:

> The trial court erred in awarding Mother child support in the amount of $1,013 per month because the trial court failed to impute any income to Mother in its Form 14 calculation in violation of [s]ection 210.841 RSMo and [Rule] 88.01, in that (a) where the trial court finds that a custodial parent has the ability to be gainfully employed but chooses not to work, the trial court must impute appropriate income to the custodial parent, and (b)

---

[1] Father has not requested plain-error review under Rule 84.13(c). Unless otherwise indicated, all rule citations are to Missouri Court Rules (2023).

application of the Comment H factors of the Directions on Use for Form 14 in this case support imputing income to Mother.

Both points sufficiently state the specific legal reasons why Father believes his respective identified rulings must be overturned on appeal. However, the argument section of Father's opening brief fails to "include a concise statement describing whether the error was preserved for appellate review; [and] if so, how it was preserved[.]" Rule 84.04(e).

"Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review and is grounds for dismissing the appeal.'" *Wong v. Wong*, 391 S.W.3d 917, 918 (Mo. App. E.D. 2013) (quoting *City of Perryville v. Brewer*, 376 S.W.3d 691, 694 (Mo. App. E.D. 2012)).

Mother, both in her respondent's brief and in a separate motion to dismiss Father's appeal, contends that we should dismiss Father's appeal for, among other reasons, his failure to include the preservation statement mandated by Rule 84.04(e).[2] In response, Father claims -- in his reply brief -- that he preserved his claims on appeal via suggestions in support of a post-trial Motion for Rehearing that he presented to the circuit court. That attempt comes too late. *See Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo. App. E.D. 2000) ("Appellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the argument").

Further, even if Father's opening brief had included an assertion that his post-trial motion included the same error claims that he now raises on appeal, it would be of no avail. The relevant arguments asserted there were, *verbatim*, as follows:

---

[2] We entered an order taking Mother's motion with the case.

3

(1) Various findings of the Court are against the weight of the evidence;

(2) Various findings of the Court are not supported by any evidence;

(3) Various findings ignore uncontroverted evidence and the admissions of Mother and Father; and

(4) Various conclusions of law are contrary to Missouri law.

Father's purely-generic assertions in his post-trial motion are devoid of any meaningful analysis based upon specific legal reasons and specific factual findings made by the circuit court. General complaints are insufficient to inform the circuit court of the alleged error, and they do not preserve anything for appellate review. *See, e.g.*, **State v. Williams**, 651 S.W.3d 234, 239 (Mo. App. S.D. 2022) (a general objection to the admission of evidence is insufficient); **Pope v. Pope**, 179 S.W.3d 442, 452-53 (Mo. banc 2005) (mere conclusions and generalities to support a directed verdict or judgment notwithstanding the verdict preserve nothing for the appellate court); **Morrow v. State**, 21 S.W.3d 819, 822-24 (Mo. banc 2000) (bare factual assertions and legal conclusions in a Rule 29.15 motion for post-conviction relief are insufficient).

For all of these reasons, and those set forth in Mother's well-crafted motion to dismiss, Father has failed to preserve his complaints for appellate review, and we accordingly dismiss the appeal.[3]

DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[3] Mother's request to strike Father's opening brief is denied. Mother's motion to dismiss Father's appeal is granted. Although we gave the issue much consideration, we do not find that Father's appeal was completely frivolous. As a result, we deny Mother's Motion for Appellate Attorney Fees.